## Journeay and Eno *versus* Gibson.

1. The Act of May 5th 1854, validating acknowledgments of deeds made before officers of other states, is constitutional.

2. Such acts being retro-active, are not to be extended beyond the plain intent of the legislature, but being remedial are to be construed as remedial statutes.

3. The Act of 1854 applies to mortgages as well as to deeds which convey an interest in land; and a purchaser, after a record of a mortgage to which it applied, was bound to take notice of it.

October 24th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Crawford county:* No. 104, to October and November Term 1867.

This was a scire facias sur mortgage, issued July 21st 1865, by William Gibson, for the use of A. S. Davis, against William P. Eno and Albert Journeay, terre-tenant.

On the 14th of June 1853, Eno executed a mortgage to Gibson to secure a bond for $1200, which on the same day was acknowledged before James A. North, a justice of the peace of Genesee county, in the state of New York. It was recorded on the 4th of April 1854, in Crawford county, Pennsylvania, where the land covered by the mortgage lay.

Eno conveyed the land on the 3d of May 1854 to George B. Webb, and on the 6th of December, through subsequent conveyances, Henry Keyes became the owner of the land. Keyes, on the 22d of December, mortgaged the land to A. Journeay & Co. Under proceedings on this mortgage the land was sold by the sheriff and conveyed to Journeay, the terre-tenant, on the 3d of September 1860.

On the 5th of May 1854, an Act of Assembly was passed, the 1st section of which is as follows:—

"Any and every deed of grant, bargain and sale, release or other deed of conveyance, or assurance of any lands, tenements, or hereditaments in this Commonwealth, heretofore bonâ fide made, executed and delivered by husband and wife, or other grantor or grantors, within any other of the United States, where the acknowledgment of the execution thereof has been taken and certified by any officers in the state where the same is made and executed, and the acknowledgment thereof taken, who was authorized by the laws of such state to take and certify the acknowledgment of deeds of conveyance of land therein, shall be deemed and adjudged to be as good, valid and effectual in law, for transferring, passing and conveying the estate, right, title and interest of such husband and wife, or other grantor or grantors, of, in and to the lands, tenements and hereditaments therein mentioned, and be in like manner entitled to be recorded, and if recorded, such record thereof shall be as good and effectual as if the acknowledgment of the execution of the same deed had been in the same and like way, manner and form taken and certified by any judge, alderman or justice of the peace of and within this Commonwealth:" Purd. 319, pl. 59, Pamph. L. 572.

The plaintiff submitted this point: "Any defect of acknowledgment to the mortgage, as alleged by defendant, is cured by Act of Assembly of 5th of May 1854;" which was affirmed.

The defendant submitted this point: "This mortgage-lien is not to be preferred to the sheriff's sale of the land to Richmond, and by him assigned to Journeay, because of the insufficiency of the acknowledgment and recording of said mortgage;" which was

[Journeay v. Gibson.]

denied, the court (Vincent, A. J.) charging: "We think the language of this act covers this mortgage, and therefore charge that the lien of the mortgage is not invalidated by reason of the mode of acknowledgment."

There was a verdict for the plaintiff for $780.

The charge of the court was assigned for error by Journeay, who removed the case to the Supreme Court.

*G. Church*, for plaintiff in error, cited Act of May 28th 1715, §§ 2, 8, Purd. 311, 324, pl. 9, 93, 1 Sm. L. 94; Simon *v.* Brown, 3 Yeates 186; Hiester *v.* Fortner, 2 Binn. 40; Act March 28th 1820, § 1, Purd. 324, pl. 94, 7 Sm. L. 303; Goepp *v.* Gartiser, 11 Casey 130; Foster's Appeal, 3 Barr 79; Uhler *v.* Hutchinson, 11 Harris 110; Act of May 5th 1854, *supra;* Rickert *v.* Madeira, 1 Rawle 328; Graft *v.* Webster, 4 Id. 225; McCarthy *v.* Hoffman, 11 Harris 507; Dewart *v.* Purdy, 5 Casey 113; Hiester *v.* Green, 12 Wright 96.

*W. H. Bole*, for defendant in error, cited Act of May 5th 1854, *supra.*

The opinion of the court was delivered, January 7th 1868, by

STRONG, J.—The mortgage from Eno to Gibson, the plaintiff below, was dated June 14th 1853, and it was then duly executed and delivered. As between the parties it was a good and effective mortgage from the time of its execution, but acknowledgment or probate was essential to its being legally placed on record. It was acknowledged before James A. North, Esq., a justice of the peace of the state of New York, the acknowledgment was certified by him, and on the 4th day of April 1854 the instrument was recorded in Crawford county, in this state, where the lands mortgaged lie. But the record was unauthorized.

At the time when it was made, justices of the peace of other states were not such officers as were recognised by our Acts of Assembly as competent to receive acknowledgments of deeds for lands situate in this Commonwealth, or to certify to such acknowledgments, so as to entitle the deeds to be placed on record. Legally, therefore, the record was a nullity while it was in this condition. Eno, the mortgagor, conveyed the lands which he had previously mortgaged to George B. Webb. This deed was dated May 3d 1854, and it was duly recorded. Webb's title has since become vested in Journeay, the plaintiff in error. Such being the state of the facts, and there being no evidence that the purchaser from Eno had actual notice of the existence of the mortgage to Gibson when he bought, he would undoubtedly hold the land free from the encumbrance of that mortgage, were it not for the Act of Assembly of May 5th 1854, entitled "an act making

[Journeay *v.* Gibson.]

valid deeds of conveyance made in any of the other of the United States." But by that act it was enacted "that any and every deed of grant, bargain and sale, release or other deed of conveyance or assurance of any lands, tenements or hereditaments in this Commonwealth theretofore bonâ fide made, executed and delivered by husband and wife, or other grantor or grantors, within any other of the United States, when the acknowledgment of the execution thereof has been taken and certified by any officer in the state where the same was made and executed, and the acknowledgment thereof taken, who was authorized by the laws of such state to take and certify the acknowledgment of deeds of conveyance of lands therein shall be deemed and adjudged to be as good, valid and effectual in law, for transferring, passing and conveying the estate, right, title and interest of such husband and wife, or other grantor or grantors, of, in and to the lands, tenements and hereditaments therein mentioned, and be in like manner entitled to be recorded, and if recorded, such record thereof shall be as good and effectual as if the acknowledgment of the execution of the same deed had been in the same and like way, manner and form taken and certified by any judge, alderman or justice of the peace of and within the Commonwealth."

In view of the numerous decisions heretofore made in this and in other states, it is too late to deny the power of the legislature to validate defective acknowledgment of deeds, and give to such acknowledgments the same force they would have had if correctly made and certified at first. Such legislative acts are sustainable only because they are supposed not to operate upon the deed, or contract changing it, but upon the mode of proof. It must be admitted that they often produce very harsh results, of which Mercer *v.* Watson, 7 Watts 330, is a notable illustration. They are retro-active statutes, and for this reason they are not to be extended beyond the plain intent of the legislature, and yet so far as they are remedial they must be construed as remedial statutes are.

The acknowledgment of the mortgage by Eno to Gibson is manifestly within the curative provision of the Act of 1854. We cannot accept the suggestion that the statute only applies to deeds which convey an estate or interest in lands as distinguished from mortgages that create liens. A mortgage is a deed, and it is, in a very important sense, an assurance of lands. In most of the recording acts mortgages have been described by the comprehensive word deeds. The language of the Act of May 28th 1715, is, "all bargains and sales, deeds and conveyances of lands, tenements and hereditaments may be recorded." This has been ruled to include mortgages and even assignments of mortgages : Philips *v.* The Bank of Lewistown, 6 Harris 394. So the Act of February 24th 1770 (1 Smith 307), though employing the words

" grant, bargain, sale, lease, release, feoffment, deed, conveyance or assurance * * of lands, tenements and hereditaments," has been held to embrace mortgages: Jamison v. Jamison, 3 Whart. 457. When, in addition to these constructions given to other recording acts, we consider the evils which it is evident the legislature intended to cure by the Act of 1854, it is not to be doubted that mortgages as well as other deeds must be regarded as within its curative provisions.

Deeply impressed as we are by the injustice of such legislation, we would if possible hold the act to be prospective only, but its language is plainly retrospective. It speaks only of deeds made, executed and delivered before May 5th 1854. It gives to them an effect which, so far as regards a wife, they would not have had without it—and it prescribes a rule for determining the effect of a previously unauthorized record. In Green v. Drinker, 7 W. & S. 440, it was most righteously decided that the Act of April 16th 1840, which enacted that the deed of a husband and wife, executed and delivered in any other state, and acknowledged before any officer who, by the laws of that state, was authorized to receive acknowledgment of deeds there should be effective for transferring the title of the husband and wife here, related only to the title as against the husband and wife, that it did not affect the title 'of third persons not parties to it. But the Act of 1840 came far short of the Act of 1854. The latter embraces not only deeds of husband and wife, but those of other grantors, and it not only affects deeds but records previously made without authority.

It declares of such deeds, if acknowledged within any other of the United States, if taken before any officer authorized to receive the acknowledgment there, that they shall be adjudged good and effective, and that if recorded (though before May 5th 1854, and therefore recorded without authority), the record shall be as good and effectual as if the acknowledgment had been legally taken. How can such a record be *as effective*, if it is a nullity, as to a purchase subsequent? It cannot be, unless it is construed to be a partial repeal of the Act of 18th of March 1775. The simple record of the deed is of no effect as against the grantor. Without any record the deed is effective as against him. Recording is only to guard against frauds upon subsequent purchasers or mortgagees. All the recording acts are mere statutes of frauds, except, perhaps, so far as they make exemplifications evidence. When, therefore, the Act of 1854 declared that the record of a deed previously acknowledged before a justice of another state, if made before the passage of the act, should be as good and effectual as if it had been properly acknowledged and certified, it was an enactment that a purchaser, after such record, was bound to take notice of it or it was nothing. Much

[*Journeay v.* Gibson.]

as we may disapprove of such legislation, and unjust as it is, when retrospective, we are shut up to the conclusion that it is operative. Applied to the facts of this case, it justifies the instruction given by the court below to the jury.

Judgment affirmed.