## Commonwealth to use of Allegheny City *versus* Marshall.

1. Allegheny City passed a resolution for grading, &c., a contract made under which, was decided invalid because the resolution had not been recorded as required by law; a curative law was passed referring in the *preamble* to the date of the contract as being the date of the resolution, but otherwise identifying the resolution. *Held*, to be sufficient reference to apply to the resolution.

2. A preamble makes no part of a law, but can be used to identify the subject matter of the law, to explain the motive or meaning of the legislature.

3. An act of incorporation declared that ordinances, &c., not recorded within thirty days from their passage should be void. Under an unrecorded ordinance a contract was made which was decided not to be binding; afterwards an act was passed declaring that the omission to record the ordinance should not affect the contract, &c., but that the contract might be enforced and claims under it collected as if the ordinance had been recorded. *Held*, that the act was constitutional and ratified the unrecorded ordinance.

4. The failure to record was a technical defect which the legislature might remedy.

5. Powers of taxation for improvement on *portions* of streets considered.

6. Commonwealth *v.* Schenley, 12 Casey 29, compared.

October 6th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 79, to October and November Term 1870.

This was a scire facias on a lien filed August 21st 1867, for

[Commonwealth v. Marshall.]

grading, &c., Ridge street, in Allegheny City, issued September 20th 1867, by the Commonwealth, to the use of the city, against A. Marshall.

The Act of April 13th 1840, Pamph. L. 307, incorporating Allegheny City, enacted that such "laws, ordinances, regulations and constitutions" of the city of Allegheny as should not be published as councils should direct within fifteen days after their passage, and recorded within thirty days after their passage, should be "null and void." The Act of April 15th 1849, authorized the councils by ordinance " to grade, repair, pave, &c., any street, and to levy a special tax to pay the expenses by an equal assessment on the feet front bounding and abutting on such street," &c. By the Act of May 1st 1861, the councils were authorized " to have sewers constructed, and to pay the expenses by an assessment on all property likely to be benefited thereby fairly and equitably, in proportion to the benefit received."

On the 5th of November 1863, the councils passed an ordinance to invite proposals for grading specified parts of Ridge street, the expense to be defrayed by a tax assessed on lots bounding on the street in proportion to the feet front.

On December 1st 1863, they contracted with James Hastings to do the work. Hastings afterwards represented to the councils that prices of labor, &c., had greatly increased since his contract, and asked that the contract price be raised. Accordingly, on the 12th of April 1866 the councils passed a resolution to make a new contract with Hastings at increased rates; the resolution was neither published or recorded as required by the act of incorporation. A contract, dated July 13th 1866, was accordingly entered into with Hastings, under which the work was done, and the proportion payable by the defendant ascertained to be $607.60. After a verdict and judgment in favor of the city in this scire facias, the judgment was, on the 11th of January 1869, reversed by the Supreme Court, on the ground that the resolution altering the contract was void, because it had not been published and recorded (9 P. F. Smith 455).

On the 24th of March 1869, the Act of Assembly (Pamph. L. 501), was passed, as follows:—

"An Act relative to a certain ordinance of the City of Allegheny.

" Whereas, the councils of the City of Allegheny, on the 13th day of July 1866, passed an ordinance authorizing a new or second contract with certain parties for grading Ridge street, in said city, which persons in good faith expended very large sums of money in completing said grading, a large portion of which is due and uncollected :

" And whereas, in a writ of error to the Supreme Court, case of Marshall v. The Commonwealth, No. 97, of October and No-

[Commonwealth *v.* Marshall.]

vember Term 1868, the Supreme Court held that the city had the right to make the new contract and collect the whole amount of the claim, but that the resolution of councils of above date, according to the city charter, should have been published and recorded; and the Supreme Court recommended legislative action to cure the omission so to publish and record, in the following language, namely:" (giving an extract from the opinion of the Supreme Court), and enacted, " That the omission or failure to publish and record said ordinance shall not impair or in any manner affect said contract, or any assessment, tax, lien or claim for cost of grading done or to be done, in pursuance of or in accordance with the provisions of said ordinance; and the city, or any party interested therein, may proceed to enforce said contracts, and prosecute and collect said assessments, liens or claims, in the same manner and with like effect as they might or could have done if said ordinance had been duly recorded within thirty days after the passage thereof."

On the second trial in the District Court, May 2d 1870, before Kirkpatrick, J., the plaintiff having given in evidence the claim, the contract of December 1863, the ordinances of councils prior to April 12th 1866, made the following offers of evidence, which, on objection by the defendant, were all rejected by the court, and bills of exception sealed:—

Offer A. The agreement dated July 13th 1866, between the councils of Allegheny City and Hastings; in connection with the petition of Hastings to the councils, presented March 8th 1866, the resolution of councils of April 12th 1866, and the above Act of Assembly.

Offer B. Hasting's petition, the resolution of the councils, the above Act of Assembly, the contract of July 13th 1866, to be followed by evidence that the grading of Ridge street was completed under the contract of July 13th 1866, the work accepted by the councils, that the cost was assessed on property " bounding and abutting" on Ridge street; that defendant's proportion was $607.60; that demand for payment was made before filing the municipal claim; that the city acted in good faith in modifying the original contract; that the price under the second contract was fair and reasonable, and that the contractor proceeded with his work under the first contract with due diligence until obliged to suspend by reason of the great and sudden rise in cost of labor occasioned by the war.

Offer C. That the part of Ridge street named in the ordinance of November 5th 1863, was graded as required by the ordinance and accepted by the councils; that the part of the cost under the original contract chargeable to defendant's lot is $404.49, being the proportion which his lot bears to the entire

[Commonwealth v. Marshall.]

frontage on that ordered to be graded, the assessment having been made only on the part ordered to be graded.

Offer D. That all that part of Ridge street ordered to be graded by the ordinance of November 5th 1863, was graded before filing the claim in this case; the work accepted by the city and the whole cost apportioned on the property abutting on the same part of Ridge street; that demand was made on the defendant for his proportion ($404.49) of the cost, and refused by him, and that all that part of Ridge street not included in the ordinance of November 5th 1863, had theretofore been graded, and the cost assessed and paid exclusively by the property on that portion of Ridge street.

The plaintiff's points were:—

1. The plaintiff is entitled to a verdict for the amount of the municipal statement or lien, filed August 31st 1867.

2. In any aspect of the case, plaintiff is entitled to recover defendant's proportion of the cost of grading that part of Ridge street between the points mentioned in the ordinance of 5th November 1863, at the original contract price of thirty-five cents per cubic yard, the entire cost being apportioned equally upon the feet front of lots abutting upon the said above-mentioned part of Ridge street.

Both points were refused.

The defendant asked the court to charge that under the evidence in this cause the plaintiff is not entitled to recover.

This was affirmed.

The verdict was for the defendant.

The plaintiff took out a writ of error. The assignments of error were:—

1 and 2. Rejecting offers A. and B.

3 and 4. Rejecting offers C. and D.

5 and 6. Refusing the plaintiff's points.

7. Affirming the defendant's point.

*M. W. Acheson* (with whom was *W. B. Rodgers*), for plaintiff in error.—Although the preamble is no part of a statute, yet it may serve to show the general scope and purport of the act and the inducements which led to its enactment: and it is often the key to the statute: 1 Kent 460–1; Jackson v. Gilchrist, 15 Johns. 89. The misrecital of date is cured by other recitals in the preamble: The Southwark Bank v. The Commonwealth, 2 Casey 446; Chalker v. Ives, 5 P. F. Smith 81; Levering v. Railroad Co., 8 W. & S. 459; Jackson v. Collins, 7 Cowen 89; The People v. Utica Ins. Co., 15 Johnson 358. The Act of March 24th 1869 cured the omission to record and publish: Marshall v. The Commonwealth, 9 P. F. Smith 455; Schenley v. The Commonwealth, 12 Casey 29. The public had an equitable right to reimbursement for the work

[Commonwealth *v.* Marshall.]

done, and the curative legislation merely gave a remedy; this is constitutional: Hepburn *v.* Curts, 7 Watts 300; Magee *v.* Commonwealth, 10 Wright 358; Marshall *v.* Commonwealth, 9 P. F. Smith 455.

*S. Schoyer* and *T. M. Marshall,* for defendant in error, cited Commonwealth *v.* Schenley, Commonwealth *v.* Marshall, *supra;* 1 Kent 460; Erie and North East Railroad, 2 Casey 323.

The opinion of the court was delivered, January 9th 1872, by

Agnew, J.—This case was before us on a former writ of error, and is reported in 9 P. F. Smith 455. It was then decided that the resolution of the councils of the City of Allegheny of the 12th of April 1866, authorizing the committee on streets to enter into a new contract with James Hastings, for the grading of Ridge street, was null and void, because the same was not published and recorded as required by the city charter. An act to cure this omission was passed on the 24th day of March 1869. The preamble refers to this resolution as dated July 13th 1866, the date of the new contract, taken by the penman of the act by mistake for the date of the ordinance. It is, therefore, contended that the curative act is inefficient and inoperative. Of this opinion was the court below, which we think was an error. Though the preamble of a law, as often said, is no part of the enactment, and, therefore, does not *proprio vigore* make the law; it is, nevertheless, a part of the law for some purposes. If it be referred to in the enacting clause to identify the subject-matter of the law, or to explain the motive or the meaning of the legislature, it can be used for this purpose. In this view of its true character, the mistake here, of the date of the contract for the date of the ordinance, is plainly corrected by the remainder of the preamble. Not only does it refer to an ordinance which authorizes a new or second contract for grading Ridge street by name, and the fact of work done upon it in part, and large sums expended in grading; but this very suit is itself referred to, and the writ of error to the Supreme Court by number and term, the decision, and the recommendation of Justice Read in the opinion, that the want of publication and recording of the resolution should be cured by the legislature. This reference makes it perfectly plain that it was this very resolution or ordinance of April 12th 1866, which the legislature intended to validate. There is no other that concerns the case of A. Marshall.

It is contended that this resolution was incapable of ratification, because it was wholly void, no action having been taken under it within the thirty days allowed for recording it, as was the case in Schenley *v.* The Commonwealth, 12 Casey 29, and this it is said distinguishes the cases. That fact was stated in Schenley's case

[Commonwealth v. Marshall.]

as adding weight, but not as the ground of decision. The reasoning of Justice Strong makes it clear that the principle, or the true ground of the decision, was that the value of the lots was enhanced by the public expenditure—that the city had the benefit of the work—that there was an imperfect or moral obligation to make compensation; and, therefore, that the non-recording of the ordinance was but a formal or technical defect, which the power of the legislature is competent to remedy. When the ordinance fell by the failure to record it, it was essentially dead—null and void, as though it had not been passed. The fact that the contract was entered into while it had a temporary life gave it no greater efficacy, for it also fell dead for want of authority, the moment the ordinance became null and void. The parties to the contract were bound to know the terms of the charter, by virtue of which they had authority to contract, and that the authority was gone the instant the ordinance fell. Besides, a contract is not essential to the lien against the abutting property—that results from the improvement, which might be done by other means. But the lien cannot be created without a valid ordinance, for such is the law, and this was as much wanting in the Schenley case as in this. The decision in that case, therefore, rules this on this point.

It was also contended in the court below that the resolution of 12th April 1866, makes no levy or assessment for costs and expenses incurred under the new contract. This was not essential, for that is provided for in the original ordinance of 5th November 1863. The resolution of April 12th 1866, merely changes the terms of doing the work, but did not otherwise change or affect the provision for levying the special tax contained in the ordinance of 1863. It was but a change in an intermediate step, leaving the final step of charging the cost unaffected.

The last question requiring notice is that raised by the objection to the offers C. and D. set forth in the third and fourth specifications of error. This objection was that an assessment for the improvement cannot be made by portions, but must be upon all the properties along the whole length of the street. The court below seems to have sustained this objection. This was an error. The Act of April 5th 1849, authorizes the grading and paving of any street, or parts thereof. It was to be done under that act, on the petition of two-thirds of the number of the lot-owners of any section, square, or parts of a square, bounding or abutting on such street, and the cost to be paid by an equal assessment on the feet front bounding and abutting as aforesaid. The Act of 8th April 1851, authorized the councils to grade and pave, without the petition, but left the provision for taxation as it stood in the Act of 1849. As the city may grade and pave in parts, as convenience and the wants of the people require, there is no good reason that the exercise of the assessing power should not accompany the

[Commonwealth *v.* Marshall.]

power to grade and pave, and this appeared to be the intent of the law. To require the special tax to be collected along the entire length of the street every time a part is paved, would often make the owners of unimproved or sparsely settled lots pay for grading and paving a distant part of the street. It would also largely increase the burthen, by making numerous assessments of the whole, as each part was graded or paved. The argument urged against this view is the inequality of burthen thrown upon the owners along the line of the street, where one section is expensive and another is not so. It is said there are parts of Ridge street excavated to the depth of twenty feet to bring it to grade. There is a seeming force in this objection, were the fact found to be so, and it no doubt seriously impressed the mind of the learned judge below. But the fact of a gross and palpable violation of right has not been found by the jury under any instructions presenting the character of the ordinance for examination. We cannot assume that the ordinance to grade the remainder of Ridge street, and the assessment upon the lots abutting that part, are palpably unreasonable and unjust. Indeed, the contrary would be the inference, for the whole street was to be graded under this ordinance—excepting a small part which had been done before. We must rather presume that the councils have acted in good faith to the people whom they represent, and who can displace them if they do wrong. The question is, therefore, not before us, and indeed cannot be; unless in so plain a case of an abuse of power as will command the assent of the mind to it at once as a palpable violation of the authority conferred upon them by the legislature. Complete equality cannot be produced in either general or special taxation; and something must be left to the sense of justice and sound discretion of the governing body. The principles of special taxation have been discussed in the case of Washington avenue (postea p. 353), heard at this term; and the opinion there may be referred to for any further expression of our views that may be desired.

Judgment reversed, and a *venire facias de novo* awarded.