IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1874.

## Hawkins *versus* The Commonwealth *ex rel.* &c.

1. An Act of Assembly enacted that no one should be eligible to the councils of Philadelphia who at the time of his election held " office or employment" under the state. A notary public was elected to the councils. A quo warranto to oust him was issued on the suggestion of private relators ; pending which an act was passed declaring that the meaning of the first act was not to prevent a member of councils from holding the office of notary public at the same time and that no member of the present councils should be disqualified on account of being a notary public nor should he be removed from the councils for such disqualification. *Held*, That the latter act was constitutional.

2. The act simply modified the charter of a municipal corporation over which the legislature has control and did not interfere with any vested right.

3. The act concerned the public and did not interfere with the proper functions of the court nor override the judiciary.

May 15th 1873. At Harrisburg. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Philadelphia :* No. 17, to July Term 1873.

This was a proceeding of quo warranto by the Commonwealth at the relation of William S. Robinson and Thomas A. Mecauly against Henry C. Hawkins.

The information was filed December 5th 1872. It suggested that the defendant unlawfully exercised the office, &c., of a member of the Common Council of Philadelphia, to which he had been elected in October 1871, he being at that time a notary public under a

(15)

[Hawkins *v.* Commonwealth.]

commission from the Governor of the Commonwealth, issued December 10th 1870.

By the Act of February 2d 1854 (Consolidation Act), § 4, Pamph. L. 24, providing for the election of members, it is also provided that no " one holding office or employment from or under the state at the time of said election, shall be eligible as a member of said councils."

On the 18th of February 1873, the defendant pleaded an Act of Assembly passed January 29th 1873 (Pamph. L. 103), which enacted:

" Sect. 1. The true intent and meaning of the Act of Assembly, entitled An Act to incorporate the city of Philadelphia, approved the 2d day of February, A. D. 1854, is not to prevent any member of the Select and Common Councils of the city of Philadelphia, from holding at the same time the office of notary public.

" Sect. 2. The holding of the office of notary public shall not be incompatible with holding at the same time, the office of member of either branch of the councils of the city of Philadelphia; and no member of the present councils of the city of Philadelphia shall be held to be disqualified, on account of the holding of the office of notary public; nor shall he be removed from the office of member of councils, by reason of any such disqualification."

To this plea the Commonwealth demurred—

" First. That the alleged Act of the General Assembly of this Commonwealth, set forth in said plea, cannot remove the disqualification of the defendant.

" Second. That the said alleged act of the legislature is unconstitutional, and therefore void, because it is an assumption of the judicial power of the Commonwealth."

Finletter, J., in delivering the opinion of the Court of Common Pleas, said : * * *

" The Supreme Court has settled decisively all the questions which can arise in this inquiry, in 2 W. & S. 271; 4 Id. 227; 1 Jones 494; 3 Harris 18; 4 Id. 256; and 7 Wright 515. It speaks in no doubtful language and gives no uncertain sound. It will be seen therein how steadily and firmly every encroachment upon the judiciary has been resisted.

" From these cases it is clear that the legislature has no authority to pass retroactive expository acts. Nor can it command the decision of a court in a particular way, or forbid the legitimate consequences of a judgment.

" The Act of 1873 strides far beyond all others of like character. It not only interprets the Act of 1854, and commands us to decide a particular case in a particular manner, but it also forbids the operation of our decree in a particular cause.

" Without doubt, we desire to treat with great respect the action

[Hawkins *v.* Commonwealth.]

of the legislature. We may not question that within its proper province it is omnipotent. We can, however, only see in the act under consideration, a needless assumption of authority. In order that a particular individual may exercise the offices of notary public and member of councils at the same time, the legislature has undertaken to say that the Act of 1854 did not mean what, in express and fitting language, was declared to be its intent and meaning, and what has been acquiesced in by every one for nineteen years. It has also said that the judgment of the court in a matter within its jurisdiction, shall not be enforced. In other words, it has usurped the prerogatives of a preceding legislature, and the functions of this court. It may be possible that the object to be attained might extenuate the inconsiderate exercise of such power. It cannot justify it.

" Apparently the Act of 1873 has no other purpose than to anticipate and annul the decision of the court in a case pending. When such legislation exists without necessity or excuse, the legislature not only overrides the judiciary, but becomes a terror and a dread to the whole community."

The court decreed that the defendant be ousted from the office of councilman for the city of Philadelphia.

The defendant removed the record to the Supreme Court by writ of error, and assigned the decree of the Court of Common Pleas for error.

*W. H. Ruddiman, C. H. T. Collis* and *W. B. Mann,* for plaintiff in error.—Retrospective laws to modify an existing remedy or remove an impediment, are not unconstitutional: Hepburn *v.* Curtis, 7 Watts 300; Kenyon *v.* Stewart, 8 Wright 179. Although judicial proceedings have been commenced: Lightner *v.* Commonwealth, 7 Casey 341; Underwood *v.* Lilly, 10 S. & R. 97; Barnet *v.* Barnet, 15 Id. 72; Bleakney *v.* The Bank, 17 Id. 64; The Turnpike Co. *v.* The Commonwealth, 2 Watts 433; Evans *v.* Montgomery, 4 W. & S. 218; Cavernow *v.* Mutual Life Ins. Co., 2 P. F. Smith 287; Tate *v.* Stooltzfoos, 16 S. & R. 35; Mercer *v.* Watson, 1 Watts 356.

*J. J. Ridgway, Jr.,* and *W. H. Rawle,* for Commonwealth.— When the law declares that certain disqualifications render a person ineligible to office, they must be removed before he can be elected: Commonwealth *v.* Pyle, 6 Harris 519. The legislature cannot change the settled interpretation of a statute, or direct the performance of a judicial function in a particular way: O'Connor *v.* Warner, 4 W. & S. 227; Greenough *v.* Greenough, 1 Jones 489; Reesor *v.* William Tell Association, 3 Wright 137; Cooley on Constitutional Limitation 94.

26 P. F. Smith—2

[Hawkins *v.* Commonwealth.]

The Chief Justice (READ) delivered the opinion of the court, May 17th 1873 :—

To the suggestion filed by the two private relators, that the defendant being a notary public, holding office under the state, was not eligible to the Common Council, the defendant, on the 18th of February 1873, pleaded an Act of Assembly of the 29th of January 1873, entitled "An Act relating to the office of notary public in the city of Philadelphia," in which it was declared, that the true intent and meaning of the Act of Assembly, entitled "An Act to incorporate the city of Philadelphia," approved the 2d day of February 1854, is not to prevent any member of the Select and Common Councils of the city of Philadelphia from holding at the same time the office of notary public, and which further enacts, that the holding of the office of notary public shall not be incompatible with holding at the same time the office of member of either branch of the councils of the city of Philadelphia; and no member of the present councils of said city shall be held to be disqualified on account of the holding or having held at the same time the office of notary public, nor shall he be removed from the office of member of councils by reason of any such disqualification.

To this plea the relators demurred, assigning among other causes of demurrer, that the said act was unconstitutional, and on the 5th of April 1873, the court sustained the demurrer and entered judgment of ouster against the defendant.

In this, we think the learned judge was clearly in error, for the Act of 29th January 1873 was a perfectly constitutional law, and if the attorney-general had been the relator, he would have discontinued the suit as soon as the act was brought to his notice, as would have been his duty.

This act deals simply with a part of the charter of a municipal corporation, over which the legislature had entire control, and did not interfere with any vested right of any individual, and certainly not of the two relators. It was a matter concerning the public, and was strictly within the province of the legislature, and was not an interference with the proper functions of the court, and did not "override the judiciary."

Judgment of ouster reversed, and judgment for the defendant.