Mary J. Stewart, Appellant, *v.* Rebecca A. Dampman and Elhanan Dampman, her husband, and James E. Manifold.

*Mortgage—Defective acknowledgment—Act of 1878.*

A court of equity will not reform a defect in the acknowledgment of a mortgage under the provisions of the Act of May 25, 1878, P. L. 149, when the rights of third parties without notice have intervened, it being well settled that the defective registry of a deed is a nullity which a purchaser is not bound to notice.

*Statutes—Defective acknowledgment—Notice—Act of 1891.*

The Act of May 12, 1891, P. L. 53, is not retroactive so as to vitalize a defective acknowledgment to a mortgage which as it stood was not a recordable instrument, and therefore a nullity which a purchaser was not bound to notice.

Argued March 9, 1897.   Appeal, No. 24, March T., 1897, by plaintiffs, from judgment of C. P. York Co., Jan. T., 1896,

No. 2, on demurrer.　Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ.　Affirmed.

Demurrer to bill in equity.　Before BITTENGER, P. J.

The bill alleged that Mr. and Mrs. Dampman executed and delivered a mortgage to the plaintiff April 1, 1870, against real estate belonging to Mrs. Dampman, that they acknowledged it, and the separate examination required by law was duly made by a justice of the peace on the same day; and that however, the certificate of acknowledgment appended to said mortgage neglected to disclose that the wife had been examined separately and apart from her husband.

It further appears that the mortgage was duly recorded June 21, 1870.　On April 30, 1883, Mr. and Mrs. Dampman executed another mortgage of the same premises to Eliza G. Irwin, which was recorded May 9, 1883, and that the property was sold on the scire facias issued on the said second mortgage, and purchased by James E. Manifold, the other defendant, and that notice had been given him before the sale of the Stewart mortgage.

The relief prayed for was the reformation and correction of the justice's certificate in accordance with the actual facts.

The defendant, James E. Manifold, demurred on the ground that neither the mortgage nor the record thereof ever had any validity as against an innocent intervening third party or one claiming under him; that the certificate could not be reformed so as to affect the rights of James E. Manifold claiming under the subsequent mortgage of such innocent third party; that notice to Manifold at the time of the sale of the Stewart mortgage, invalid on its face, could not affect him, and that the plaintiff had been guilty of laches.

The court below entered judgment for the defendant on the demurrer.　BITTENGER, P. J., filed the following opinion:

This bill is filed under the provisions of the Act of May 25, 1878, P. L. 149.　This act was intended to provide a remedy for cases of formal defects in certificates of acknowledgments of deeds, mortgages, etc.: Gas Co. v. Douglas, 130 Pa. 283.

It is also said in the opinion of the court in that case that, because the proceeding is by a bill in equity there is no reason

why it should not carry with it the usual attributes of equitable remedies, among the most important of which is that the court shall have before it all the parties in interest as parties to the bill, and determine at once the rights of all the parties.

Therefore, James E. Manifold, the last named defendant, and the present owner of the real estate described in the bill, is the principal party in interest, and is consequently joined as a defendant.

The act of 1878 is as follows : " In every case when it shall be alleged by any party in interest that any deed, mortgage, power of attorney, or contract in relation to real estate, to which is appended a certificate of acknowledgment, defective in form, was in fact really and properly acknowledged in due form of law, by the grantor or grantors therein named, it shall be lawful for the court of common pleas of the county in which the land deeded, mortgaged or contracted is situated, to examine into the truth of such allegation, and if satisfied of its truth, to make a decree for the reforming of such certificate of acknowledgments in accordance with the actual facts ;. provided that this act shall not apply where suit or suits have already been commenced to recover the real estate conveyed by such instruments of writing, to which is appended said certificate of acknowledgment defective in form."

It is not a retrospective act validating deeds, mortgages, etc., defectively executed, or the recording of such instruments so defectively executed, but provides for the perfecting of the certificate of acknowledgment according to the facts of the particular case.

The act unquestionably applied in this case, inasmuch as the certificate is palpably defective. The only question for determination is whether the special demurrer of James E. Manifold shall be sustained. He is a purchaser for value without notice, and the present owner of the legal title to the land mortgaged and described in the bill. He holds under Eliza G. Irwin, a second mortgagee, on a mortgage recorded in mortgage book " 2 F," page 448, recorded May 9, 1883, the said James E. Manifold having purchased the property at sheriff's sale on a scire facias, on said mortgage, on the 9th day of February, 1895.

The bill should not be sustained as against James E. Manifold unless the instrument would be enforceable against him

after its reformation, otherwise the court would be doing a merely useless thing.

No actual notice to Eliza G. Irwin, the second mortgagee, who was a purchaser for value, is alleged in the bill. The mortgage to the plaintiff was defectively executed and was not a recordable instrument. By Simon v. Brown, 3 Yeates, 186, followed in Heister v. Fortner, 2 Binn. 40, it was established that the defective registry of a deed is a nullity which the purchaser is not bound to notice : Bolton v. Johns, 5 Pa. 145.

" A mortgagee is regarded as a purchaser and is protected from all secret equities and contracts of which he had no notice : Heister v. Fortner, 2 Binn. 40 ; Cover v. Black, 1 Pa. 493. Notice to the purchaser at the sheriff's sale on the mortgage comes entirely too late, if the mortgagee had no notice when the mortgage was executed : " Martin v. Jackson, 27 Pa. 504 ; reaffirmed in Logan v. Eva, 144 Pa. 312.

Clearly the mortgage of the plaintiff, Mary J. Stewart, at the time of the execution of the mortgage to Eliza G. Irwin, was a nullity as against a bona fide purchaser for value by reason of its defective registry. The operation of a retrospective law must be carefully restricted to the parties to the original contract, and to such other persons as may have succeeded to their rights, with no greater equities. They cannot affect bona fide purchasers : Cooley's Constitutional Limitations, 6th ed. p. 465.

It is contended, however, that the mortgage was validated by an act of assembly. The only act cited by the learned counsel for the plaintiff that can be at all relied upon as applicable, is the Act of May 12, 1891, P. L. 53, which is as follows :

" No grant, bargain and sale, feoffment, deed of conveyance, release, assignment or other assurance of lands, tenements and hereditaments whatsoever, bearing date prior to the year 1890, made, executed and delivered by husband and wife to bona fide purchasers for a valuable consideration, and acknowledged before any officer duly authorized by law to take such acknowledgment, shall be deemed, held or adjudged invalid or defective, or insufficient in law, by reason of any informality in such acknowledgment, but all and every such grant, bargain and sale, feoffment, deed of conveyance, release, assignment or other assurance so made, executed and acknowledged as aforesaid, shall be as good, valid and effectual in law for transferring,

passing and conveying the estate, rights, title and interest of such husband and wife, of, in and to the lands, tenements and hereditaments mentioned in the same, as if all the requisites and particulars of such acknowledgment mentioned in the act entitled, 'An act for the better confirmation of the estate of persons holding or claiming under feme covert, and for establishing a mode by which husband and wife may hereafter convey their estates,' passed February 24, 1770, 1 Sm. 307, were particularly set forth in the certificate thereof; and the record of the same duly made in the proper office for recording of deeds in this commonwealth, and exemplifications of the same, duly certified, shall be legal evidence in all cases in which the original would be competent evidence: provided, that this act shall not apply to suits now pending and undetermined."

An examination of this act shows that it makes the instrument mentioned therein, defectively acknowledged, good between the parties, and prescribes that the record of such defectively executed instruments, made in the proper office for the recording of deeds in this commonwealth, and exemplifications of the same duly certified, shall be legal evidence in all cases in which the original would be competent evidence. It does not, like the validating Act of May 5, 1854, P. L. 572, enact that if such defective deed is recorded, such record thereof shall be as good and effective as if the acknowledgment of the execution of the same deed had been in the same and like manner and form, taken and certified according to the requisites existing at the time of its execution.

By reason of the validating of the recording of the instrument defectively acknowledged or certified, the Supreme Court in Journeay v. Gibson, 56 Pa. 57, held that a purchaser after such record and before the passage of the act was bound to take notice of it, adding: "Much as we may disapprove of such legislation and unjust as it is, when retrospective, we are shut up to the conclusion that it is operative."

The decision of the court in that case went to the extreme, in holding a purchaser for value to be held to be required to take notice of such a record of a defectively acknowledged and recorded deed, afterwards validated by act of assembly. The court evidently recognized that an injustice was done to the purchaser for value, but felt bound to hold the act constitutional.

We are pleased that we feel absolved from following the law of Journeay v. Gibson, supra, by reason of the very distinct difference between the act of 1891, and the sweeping provisions of the act of 1854, which validated the record as well as the execution of the defectively acknowledged and recorded deed.

In our opinion the act of 1891 makes the deed effective between the parties and makes the record and exemplification of the same admissible in evidence, but does not make the record notice to purchasers for value as did the act of 1854. Retroactive acts are to be strictly construed. " Retroactive statutes are not to be extended beyond the plain intent of the legislature : " Journeay v. Gibson, supra.

[We think it is clear that the rights of the defendant, James E. Manifold, should not, and cannot be affected by the mortgage of the plaintiff, as it is asked to be reformed after such reformation, and therefore we must sustain the demurrer.] [1]

Judgment in favor of the defendant on the demurrer.

*Errors assigned* were (1) to portions of the opinion in ruling and decreeing : " We think it is clear that the rights of James E. Manifold should not and cannot be affected by the mortgage of the plaintiff as it is asked to be reformed after such reformation, and therefore we must sustain the demurrer." (2) In sustaining the demurrer to plaintiff's bills. (3) In decreeing judgment in favor of the defendant on the demurrer.

*Henry C. Niles*, with him *George E. Neff*, for appellant.—A defective acknowledgment is cured by the Act of May 12, 1891, P. L. 53.

Such legislation has been declared to be retroactive and constitutional : Tate v. Stooltzfoos, 16 S. &. R. 35 ; Journeay v. Gibson, 56 Pa. 57 ; Stevens v. Martin, 18 Pa. 101 ; Schrawder v. Snyder, 142 Pa. 1 ; Land Co. v. Weidner, 169 Pa. 359.

The Act of May 25, 1879, P. L. 148, was intended to provide a method whereby the actual facts could be proved and the advantage of them obtained while the witnesses were yet alive.

*Chas. A. Hawkins*, for appellee.

OPINION BY BEAVER, J., April 19, 1897 :

A bill in equity was filed in the court below by the appellant, a mortgagee, in accordance with the provisions of the Act of May 25, 1878, P. L. 149, praying for a decree for the reforming of a certificate of acknowledgment to a mortgage defective in form but which it was alleged was in fact really properly acknowledged in due form of law by the mortgagors. If the bill had included as defendants none but the mortgagors, and no intervening rights had accrued, and if the facts alleged in the petition had been properly proved, the plaintiff would have been entitled to a decree in accordance with her prayer. One, Manifold, a purchaser at sheriff's sale under a subsequent mortgage, was, however, included as a defendant, who demurred to the bill "on the ground that neither the mortgage nor the record thereof ever had any validity as against an innocent intervening third party or one claiming under him ; that the certificate could not be reformed so as to affect his rights ; that notice to him at the time of the sale (which was alleged in the bill) of the Stewart mortgage invalid on its face could not affect him, and that the plaintiff had been guilty of laches." After careful consideration, in a thoughtful and well considered opinion, the court entered judgment upon the demurrer in favor of the defendant.

Before considering the single question involved in the case, it may be well to remark that the act of 1878, supra, is not in any sense mandatory. It simply gives power or makes it lawful for the courts to do that which in the contemplation of the act itself it was right to do.

If the premises upon which the appellant bases his argument were sound, his conclusion would be irresistible, but they are not sound. The mortgage of the Dampmans to Mrs. Stewart was not a recordable instrument, even as to the husband. The acknowledgment was not a compliance with the provisions of the act of February 24, 1770, and the instrument was, therefore, a nullity. This abundantly appears from many adjudicated cases : Spencer v. Reese et Ux., 165 Pa. 158, and the authorities there cited. At the time when the mortgage of Dampman et Ux. to Mrs. Irvin was recorded, their property was unincumbered, at least so far as third parties and their relation to the mortgage to Mrs. Stewart was concerned. But it is alleged in the bill and is, of course, to be taken as true that Manifold had

actual notice of the existence of Mrs. Stewart's mortgage at the time of the sale.   What was the effect of that notice?   Simply to compel him to make inquiry.   It drove him to the records; nothing more.   It could give no validity to what was upon its face invalid.   It could give no life to that which never had existence.   It created no lien, when upon the face of the records none confronted him: Bolton v. Johns, 5 Pa. 145.

It is claimed by the appellant, however, that by the Act of May 12, 1891, P. L. 53, the acknowledgment is validated and the mortgage good as against Manifold.   If this were so, it would not be necessary to resort to a bill in equity under the provisions of the act of 1878, supra; but it is not so.   The act of 1891, supra, although probably passed to meet the requirements of a particular case, is general in its terms, and is to be given full force and effect.   It was evidently intended to apply to cases where purchasers for a valuable consideration were claiming by virtue of a deed or other instrument defectively acknowledged.   It certainly was not intended and cannot be held to apply to third parties claiming against the validity of such a deed whose rights were acquired prior to the passage of the act.   It is claimed that Journeay v. Gibson, 56 Pa. 57, goes to this extent.   We must hold that Journeay v. Gibson is law according to' its facts, and have no difficulty in doing so, although heartily joining Mr. Justice STRONG who wrote the opinion, in his disapproval of such legislation, and his remark as to the injustice of its retrospective character.   Its facts are, however, entirely different from those of this case.   On the 14th of June 1853, Eno executed a mortgage to Gibson to secure a bond for $1,200 which on the same day was acknowledged before James A. North, a justice of the peace of Genesee county in the state of New York.   It was recorded on the 4th of April, 1854, in Crawford county, Pennsylvania, where the land covered by the mortgage lay.   Eno conveyed the same land on the 3d of May, 1854, to George B. Webb.   On the 5th of May, 1854, an act of assembly was passed intended to make valid and effectual in law, instruments acknowledged before officers of 'other states, who by the laws of those states had authority to take acknowledgments, although prior to that time such acknowledgments were not valid in Pennsylvania.   Subsequently to the passage of this act Webb conveyed this land, and on the 22d of December

of the same year, Keyes, who had acquired the title, mortgaged the land to A. Journeay & Co. Under proceedings on this mortgage the land was sold by the sheriff and conveyed to Journeay, September 3, 1860. All that was decided in this case was that Journeay, at the time he took the mortgage, was bound to take notice of the provisions of the act of the 5th of May, 1854, which validated an acknowledgment before that time invalid. If the case had been one as to the rights of Webb who took the conveyance from Eno before the passage of the act, a very different question would have been presented, and one which as to its facts would have been more nearly similar to the present. The opinion of the court below fully covers the points involved in the case, and we have only elaborated one or two of them, because of the ingenious argument of the appellant's counsel, both in his paper-book and orally before this court.

For the reasons herein given, as well as those contained in the opinion of the court below, the decree is affirmed and the appeal dismissed at the costs of the appellant.