Malicks' Petition.

Argued May 3, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, RHODES and HIRT, JJ.

*Walter J. Wagner,* for appellants.

*John Joseph O'Connell,* with him *Frank Butler,*
Assistant County Solicitors, and *Walter P. Smart,*
County Solicitor, for appellee.

OPINION BY CUNNINGHAM, J., September 29, 1939:
Another phase of this case was previously before
this court in *Malick's Petition,* 133 Pa. Superior Ct. 53,
1 A. 2d 550. The proceeding originated with a petition
at the above number and term of the court below by the

Malicks, husband and wife, for a rule upon the County of Allegheny to show cause why certain tax liens filed by it against four lots owned by petitioners should not be stricken off because the county had failed to revive them within the five year periods required by statute.

The court below permitted a mortgagee of three of the lots to intervene in the original proceeding, and, without passing upon the validity of the liens as between the county and the petitioners, declared them invalid as against the mortgagee. We held this procedure was erroneous and remitted the case to the court below to the end that the primary issue raised by the original petition and the county's answers thereto—whether there had been a valid revival as against petitioners of the liens—might be first determined. See *Malick's Petition,* supra.

Pursuant to the directions of this court, the court below proceeded to an adjudication of that issue. It held that, by virtue of an act approved July 2, 1937, P. L. 2750, and effective on that date, 53 PS §2037c, (validating any county tax liens not revived every five years if the county should, within six months after its final enactment, take certain steps therein prescribed), and the proceedings taken by the county thereunder, the liens had been revived as against the Malicks. The rule to strike them off was discharged and the present appeal by the petitioners is from that action.

Stated briefly, the main and only contention of the present appellants is that the validating act, effective July 2, 1937, cannot lawfully be applied to the liens in question because their petition to strike them off was filed on June 18, 1937—fifteen days before the act became effective.

In their petition appellants set forth that the county in 1917, 1918, 1924, 1926 and 1929 filed tax liens against the four lots acquired by them in 1909 and 1910, for taxes allegedly due for the years 1914, 1915, 1922, 1923 and 1926, respectively. They further averred that a

period of more than five years had elapsed after the last previous revival and before a subsequent revival was sought as to the first four liens, and a like period had expired after the date of the filing of the fifth, without any suggestion of nonpayment and averment of default.

The county's original answer, filed September 7, 1937, admitted its failure to revive the liens, but averred they had been "ratified, confirmed and validated" under the above cited curative legislation.

Omitting a proviso to the effect that unrevived liens should not "reattach" against real estate transferred, or take priority over liens which gained priority, during the time the tax lien was not revived, the Act of July 2, 1937, P. L. 2750, supra, reads:

"Whenever any county has heretofore filed, in the office of the prothonotary of the proper county, any tax lien or tax liens, and the said county has not, within the period of five years after the date on which any such tax lien was filed or last revived, filed a suggestion of nonpayment and an averment of default to revive the same, then, in any such case, any such county may, within six months after the final enactment of this act, file a suggestion of nonpayment and an averment of default on any such tax lien for the revival thereof; and such suggestion of nonpayment, and averment of default so entered, shall constitute a valid revival of such lien, and be a lien upon the real estate upon which it was a lien at the time the lien was first filed, and said lien may be revived or further revived and collected as other tax liens are revived and collected: ......"

The county's amended answer, filed September 9, 1937, averred the valid revival of each of the liens under that legislation by the filing of suggestions and averments of nonpayment of said taxes in the office of the Prothonotary of Allegheny County on September 7, 1937.

In our opinion the validating act applied and was

effective even though it was not approved until after appellants' petition had been filed. We are not unmindful of the rule that statutes generally will not be construed as applying retroactively unless a clear intention that they shall be so applied is apparent: *Farmers N. Bk. & Tr. Co. v. Berks Co. R. E. Co. et al.*, 333 Pa. 390, 5 A. 2d 94. This rule, however, has no application to the statute we are here considering. It belongs to the class known as remedial, curative or validating legislation. Aside from the question of its application to pending litigation, this act is, by its very nature, one which applies retroactively in that, upon the occurrence of, or compliance with, certain conditions, it authorizes the revival and collection of tax liens any county had failed to keep alive. Appellants do not directly question the constitutionality of the act or assert that it deprives them of any vested rights. Similar acts have so many times been upheld as constitutional by the appellate courts of this state that it is difficult to see how they could successfully attack it upon this broad ground.

In *Borough of Huntingdon v. Dorris*, 78 Pa. Superior Ct. 469, the Act of May 8, 1919, P. L. 137, validating certain municipal liens for paving and curbing which would otherwise have been void, by reason of the failure to record the ordinance authorizing the street improvements, was held constitutional. Judge HENDERSON, speaking of the act there in question, said (pp. 474-476) ; "That the legislature has the power to pass such an enactment is definitely settled. It does not relate to penal subjects, nor is it in violation of a contract nor expressly forbidden by the Constitution of this State or the United States. The charge is in the nature of a tax. The improvement of the property is assumed and the equitable right to contribution from the property survives although by reason of some mistake in the proceedings the remedy for its collection is lost. The legis-

lature may provide a new remedy and in so doing there is no deprivation of a constitutional right. It is but the exercise of the taxing power: *Swartz v. Carlisle Borough,* 237 Pa. 473; *New Brighton v. Biddell,* 14 Pa. Superior Ct. 207; *Towanda Borough v. Fell,* 69 Pa. Superior Ct. 471 ...... Broadly stated, the doctrine is that he who was never bound legally or equitably cannot have a demand created against him by mere legislative action. A vested right is property, as tangible things are, when they spring from contract or the principles of the common law, and there may be a vested right in an accrued cause of action or in a defense to a cause of action. But the principle that the legislature cannot give retrospectively a right of action where none existed at the time of the occurrence out of which the alleged cause of action arises has no application to the imposing of charges in the nature of a tax. They are proceedings in rem; no feature of a contract relation exists and the omission of some detail of procedure does not establish in the owner of the property a vested defense available against a validating statute ...... The rule is that where the omission to be remedied is an act which the legislature might have dispensed with by a prior statute, the same authority which imposed the requirement may give relief by dispensing with it through retroactive legislation."

In *Swartz v. Carlisle Borough,* 237 Pa. 473, 85 A. 847 the Supreme Court held constitutional the Act of June 19, 1911, P. L. 1044, which validated all municipal elections for increasing indebtedness which were invalid for failure to observe certain statutory requirements. In upholding the constitutionality of the act Mr. Justice ELKIN stated (pp. 478-479) : "It is settled law in Pennsylvania that the legislature has the power to legislate retrospectively on all matters, not penal, nor in violation of contracts, not expressly forbidden by the Constitution: *Weister v. Hade,* 52 Pa. 474; *Grim v. School District,* 57 Pa. 433; *Hawkins v. Com.,* 76 Pa. 15.

......Defective acknowledgments have been frequently validated by subsequent legislation: *Tate v. Stooltzfoos,* 16 S. & R. 35; *Journeay v. Gibson,* 56 Pa. 57. Municipal assessments, uncollectible by reason of defects in the proceedings, have been cured by subsequent retroactive acts: *Com. v. Marshall,* 69 Pa. 328; *Donley v. Pittsburgh,* 147 Pa. 348. Defects in tax levies have been cured in the same way: *Weister v. Hade,* [supra] *Hewitt's App.,* 88 Pa. 55. ...... The true rule seems to be, as we gather it from our own cases, and from decisions in other jurisdictions, and from text writers generally, that where the omission to be cured is some act which the legislature might have dispensed with by a prior statute, the courts will construe the curative act so as to give it the retrospective operation intended." See to the same effect *City of Chester v. Black,* 132 Pa. 568, 19 A. 276, (act validating municipal assessments made under prior unconstitutional act) ; *Boro of New Wilmington v. Sinclair's Est.,* 105 Pa. Superior Ct. 331, 161 A. 621, (validating Act of June 12, 1931, P. L. 559, authorizing boroughs within three months after its approval to sue out writs of scire facias on municipal claims where more than five years had elapsed since the claims were filed) ; *Towanda Borough v. Fell,* 69 Pa. Superior Ct. 468, (validating Act of May 28, 1915, P. L. 610, giving the borough a remedy to collect municipal claims for curbing although the same was not filed within six months of the completion of the work as required by statute) ; *East McKeesport Boro. v. Thos. Park Heirs et al.,* 81 Pa. Superior Ct. 604, (act validating municipal lien for street improvements) ; *West Newton Boro. v. Scholl,* 82 Pa. Superior Ct. 1, (act validating municipal claims for street improvements) ; *McDonald Borough v. Davidson et al.,* 128 Pa. Superior Ct. 38, 193 A. 472, (Act of 1933, validating entering of municipal liens after time prescribed by statute for the filing of such liens).

As stated, appellants' principal ground of attack is

that the Act of 1937 cannot be applied retroactively to the extent of affecting pending litigation. They assert the act cannot apply because their petition preceded its effective date by fifteen days.

If the act be constitutional as applying retroactively to defective statutory liens, its application to pending litigation is, a fortiori, constitutional. If appellants had no vested right, protected by the constitution, to hold their lots free from the imposition of county taxes before filing their petition to strike off the liens, clearly the act of filing it did not create in them any such right.

When we consider the obvious purpose of the act, as well as its express language, we think it plain that the legislature intended it to apply to pending proceedings of the type here involved. In line with their plain purpose, curative or remedial statutes, such as the act here attacked, are held generally to apply to pending litigation. As stated in 59 Corpus Juris, page 1179, Section 714: "Curative statutes, by reason of their remedial and retrospective nature, are applicable not only to past transactions generally, but also to cases pending in the trial court." See *Bleakney v. Farmers and Mechanics' Bank of Greencastle,* 17 Serg. & R. 64.

Fundamentally, we are here dealing with the taxing power of the county. It lawfully imposed the taxes in question and filed liens against the lots, but, through its failure to comply with prior statutory regulations relative to keeping those liens alive, lost its remedy for collection of the taxes. The legislature has merely provided a new remedy for reviving and collecting the lost liens as against the persons still owning the real estate upon which the long overdue taxes were assessed, and at the same time protecting purchasers who bought, and lienors whose liens acquired priority, during the time the tax liens were not revived.

In our opinion no constitutional rights of appellants have been invaded. The single assignment is to the

order discharging appellants' rule to show cause why the tax liens should not be stricken from the record; it is overruled.

Order affirmed.