Weatherly Borough *v.* Warner, Appellant.

Argued November 11, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Ben Branch,* for appellant.

*J. C. Loose,* with him *A. S. Loose,* for appellee.

OPINION BY HIRT, J., April 22, 1942:

The appeals in these two cases, similar on their facts, question the propriety of the entry of judgments in favor of the borough. The judgments were entered on the pleadings, for want of sufficient affidavits of defense, in proceedings by scire facias on municipal liens.

Plaintiff borough on April 11, 1932, by ordinance, provided for the improvement of a number of its streets. We are concerned with the improvement only insofar as it relates to curbing constructed along two pieces of land owned by defendant. The ordinance in general is open to the criticism that it provides that the streets be "properly curbed" without specification as to the kind of improvement or manner of construction, except as to grades which were established by a prior ordinance. To supply the basis for a local assessment an ordinance should be sufficient, reasonably certain and definite as to the character, location and description of the contemplated improvement so that, from it, an intelligent estimate can be made of the nature and extent of the improvement. Elliott, Roads & Streets, 3d Ed. §618.

But the ordinance as to the curbing is open to a more serious objection. Section 3 provides: "That the proper officers be and they are hereby authorized to enter into a contract or contracts in the name of the Borough for the necessary material and equipment to be used in the improvement of the said streets, the work of improving said borough streets to be done under the supervision of the Street Committee of the Town Council, Borough Engineer and Supervisor, who shall do the work of improving said streets with the Borough's own force of men and equipment, after receiving the best bids on material, etc., to be used in making said im-

provements." The ordinance provides for the construction of curbing as follows: "Section 6. That whatever curbing is necessary to make a complete job, *in the opinion of the Borough Engineer and Supervisor,* shall be likewise constructed and the entire cost thereof assessed against the abutting property according to the foot-front rule." (Italics added.)

From a reading of these provisions of the ordinance, it is apparent that as to the curbing, the borough delegated all of its municipal power to the street committee and to the borough engineer and supervisor. The latter alone, in the exercise of the discretion delegated to him, determined that curbing should be placed along defendant's land and upon his decision the borough seeks to charge defendant with two-thirds of the cost thereof. By section 3 of the ordinance the "proper officers" were empowered to purchase the necessary materials in the name of the borough. It was the street committee which determined what materials should be used and the materials were bought by the borough on bids received by that committee. This committee was directed to "do the work of improving said streets with the Borough's own force of men." It may be that the ordinance, in providing for the macadam pavement, sufficiently described that part of the improvement and properly entrusted the street committee and the engineer with the performance of the work. *McKnight v. City of Pittsburgh,* 91 Pa. 273. We are not to decide that question here. But as to the curbing, the ordinance sought to delegate to others the authority, not only to decide upon the materials to be used, the manner of performing the work and the character of the finished result but also to determine what curbing should be constructed. We think that this, in effect, was a delegation of authority by the borough to a special commission to make a municipal improvement. It is nonetheless a commission though appointed for a

specific purpose and not to make borough improvements generally.

"The general rule is that a municipal legislature cannot delegate its powers, and this rule requires that the body having the authority to order the improvement shall itself designate and describe the improvement": Elliott, Roads & Streets, §619. More specifically, the ordinance ignores the prohibition of Art. III, §20, of the state constitution which provides: "The General Assembly shall not delegate to any special commission, ...... any power to make, supervise or interfere with any municipal improvement ...... or to levy taxes or perform any municipal function whatever." These are not cases where only the performance of the work is assigned to ministerial agents of the municipality; the borough here delegated both the power to decide what was to be done as well as how it was to be done.

Municipal corporations are but agents of the state, invested with certain subordinate governmental functions for reasons of convenience and public policy. *Com. v. Moir*, 199 Pa. 534, 49 A. 351. The authority of the state over all their civil, political or governmental powers is supreme, "save as limited by the federal constitution or that of the commonwealth": *Shirk v. Lancaster City*, 313 Pa. 158, 169 A. 557. Plaintiff borough as a governmental agent of the state is limited by the same constitutional prohibitions as the state itself. The ordinance in question, by the attempted delegation of authority which the borough alone could exercise, was unconstitutional. *Lighton et al. v. Abington Twp.*, 336 Pa. 345, 9 A. 2d 609. See also, *Wilson et ux. v. Phila. Sch. Dist.*, 328 Pa. 225, 195 A. 90; *Moll v. Morrow*, 253 Pa. 442, 98 A. 650; 20 A.L.R. 653; 4 Dillon, Municipal Corporations, §1383; 25 Am. Jur., Highways, §57.

If the above is a right conclusion it should be unnecessary to consider the effect of the validating Acts of April 18, 1935, P. L. 28, and June 2, 1937, P. L. 1326, 53 PS §§2066, 2132 note, upon which the borough places

some reliance. "It is settled law in Pennsylvania that the legislature has the power to legislate retrospectively on all matters, not penal, nor in violation of contracts, not expressly forbidden by the Constitution": *Malicks' Petition,* 137 Pa. Superior Ct. 139, 8 A. 2d 494; *Chester City v. Black,* 132 Pa. 568, 19 A. 276; *Swartz v. Carlisle Boro.,* 237 Pa. 473, 85 A. 847. The rule relating to statutes of this character undoubtedly is: "that where the omission to be remedied is an act which the legislature might have dispensed with by a prior statute, the same authority which imposed the requirement may give relief by dispensing with it through retroactive legislation"; in other words, "the legislature may provide a new remedy and in so doing there is no deprivation of a constitutional right": *Huntingdon Boro. v. Dorris,* 78 Pa. Superior Ct. 469. On the other hand, it is elementary that municipal authority cannot rise above its source; a borough as an agent of the state cannot accomplish by ordinance what the legislature under the constitution is prohibited from doing. Adapting the language of the Supreme Court in *Lighton v. Abington Twp.,* supra, it may be said: as the constitution specifically deprives the state of the power to delegate the power to make any municipal improvement, certainly the agent, the borough, "cannot make such a delegation; the effect of the limitation on the principal would be destroyed if the agent could do what was prohibited." The above statutes therefore have no application to the present cases for the acts sought to be validated are expressly forbidden by the constitution. *Malicks' Petition,* supra. Any other construction would be the equivalent of saying that the constitution may be amended by statute so as to render its prohibitions inoperative.

Judgments reversed with a procedendo in accordance herewith.