Judge Wright
delivered the opinion of the court:
This is an action of slander — the charge,perjury. The defend-ant pleaded not guilty, and notice of justification,, that the words *206 are true. At the trial, the defendant having offered evidence to> support his justification, then offei’ed to prove the general bad •character of the plaintiff for truth and veracity. This evidence being objected to, was rejected by the court; and a new trial is ■now asked, because the court erred in rejecting that evidence.
The question presented on this motion is one of some difficulty. The reported decisions of other states and countries are very contradictory upon the point. We have no reported case in Ohio, -on the general question; and it is asserted, and we believe truly, that the decisions in the common pleas in different sections of the state, and even of the Supreme Court on the circuit, are not always uniform. This seems to enforce upon us the necessity of adopting some of th® various rules as the law in such cases. The action seeks compensation in damages for injury to reputation. A person of disparaged fame is not entitled to the.same measure of damages with one whose character is unblemished. 2 Stark. Ev. 369; 1 Maule & Sol. 284. The character of the parties is directly in issue, and the only difficulty seems to be, to settle a practice for this state, out of the conflicting authorities, the nearest conformable to our notions of law and justice.
Under the general issue, the defendant, in mitigation of damages, may prove that the plaintiff, at the time of speaking *the words, was under a general suspicion of having been guilty of the charge imputed to him. 3 Stark. 577; 2 Camp. 251; 1 Maule & Sel. 284; 1 Pick. 1. He may also give evidence of the general bad character of the plaintiff. This the plaintiff may rebut by evidence of his general good character. 3 Stark. 369, 878. And .this doctrine, we believe, is now admitted law in a majority of the United States. 2 Cow. 215; 1 Root, 354; 2 Root, 149; 2 Hay. 222; 1 Nott & McC. 268; 3 Mass. 546; 6 Mass. 514; 14 Mass. 275; 3 S. & R. 336; 2 Marsh. 372.
Where several pleas are pleaded, as in this ease, not guilty and a justification; and as the jury is sworn to try the several issues, either party is at liberty to introduce the same evidence under ■ each issue, that he might introduce if that issue stood alone. Therefore, after an attempt to prove a justification fails, it is competent to inquire into the plaintiff’s general bad character, the same as though no attempt had been made to prove the special plea. But spreading a plea of the truth of the words on the .record in justification, is always an aggravation of the damages *207 if not proven. Where the defendant has given any evidence in support of a justification in such cases, the plaintiff may introduce proof of his general good character to rebut the presumption of guilt. In all the foregoing cases, the inquiry must be confined to the general good or had character of the party in society as an honest and upright man. The usual questions put are: How long the witness has known the party, and what his general chai’aeter has been ? 2 Stark. 366. You may not, except in the words put, inquire of the character of a party as to particular facts, or in respect of particular things. A man is supposed always ready to sustain his general character, but not to meet particular reports. 3 Stark. 877; 2 Marsh. 372. It has heretofore been decided by the Supreme Court, on the circuit, that proof of facts and circumstances of suspicion, not amounting to a justification, which led the defendant to utter the slander, may be proven under the general issue, to lessen the degree of malice and mitigate the damages. This rule we do not intend to impugn. 1 Bin. 92, n.
If the question asked by the defendant on the trial of this *cause had been confined to the general character of the plaintiff, it would have been competent, but the question goes further, and seeks information of the plaintiff’s character for truth ■and veracity. In that shape it was incompetent. It would evidently be improper for a prosecutor to seek to prove a person guilty of perjury by proof of his general bad character for truth and veracity; and the same principles of evidence apply to a justification in slander. The evidence was properly rejected.
Another reason is urged for a new trial, viz: that the declaration is entitled of October term of the common pleas generally, when the words relied on were proven to have been spoken on the second day of the term. The writ in this state forms a part of the record, and indicates by its date the commencement of the suit. It is not pretended the words proven, in point of fact, were spoken after •suit brought; but we are asked to set up a legal fiction, that the declaration entitled in its caption generally, of a term of the court, by relation extends to the first day of the term, a¡nd so control the matter of fact! To impart to falsehood, in a court of justice, a power and^efflcaey which we deny to truth ! We see nothing in this case to require of us the performance of so humiliating a duty.