Wilder, J.
Several errors are assigned upon the record, but as the first, which alleges error “ in the instructions of the court of common pleas to the jury on the trial of the action,” raises the question upon which, only, the decision of the case depends, it is deemed unnecessary to notice the others.
The court below having correctly stated to the jury, that in actions for slander, there were three kinds of damages, and having fairly explained to them, what were nominal and what compensatory damages, proceeded as follows :
“ The third class is called exemplary damages. But spreading a plea of the truth of the words on the record, in justification, as the defendant has done in this case, is always an aggravation of the damages, if not proved. It shows the disposition to injure, to exist, even at the trial, and an effort to give new and continuing life to the defamatory charge, by spreading it on the records as true. Wherefore such attempt and failure generally entitles a plaintiff to exemplary damages, which not only look to the vindication of the plaintiff, but are intended to punish the defendant, and to operate as an example to deter others from committing the like offense. In this class of cases the jury may look to the ability of the defendant, and the character of the parties, for the obvious reason that a less sum, looking to these ends, would effect the object with one of limited means than would be felt by one of more enlarged means. You are at liberty, then, under the rules of *285 law, to add to the plaintiff’s compensatory damages which I have described, such other damages, by way of aggravation and punishment, as you deem the evidence to warrant.”
The charge of the court thus given, asserts the doctrine that “ spreading a plea of the truth of the words on the record, as a justification, is always an aggravation of the damages, if not provenand the jury were given to understand, that if, in the case before them, the truth of the words spoken was proven, they were, without qualification, at liberty to regard the justification pleaded as an aggravation, and entitling the plaintiff below to exemplary damages. In the instructions to the jury so given, we are of opinion that the court below erred. Upon the question here presented, however, the decisions of courts have not been uniform. Indeed, there has been great diversity of opinion in regard to it.
In several of the states it has been held, that a plea of justification in slander, if not fully sustained, by the pr.oof, is, of itself, an aggravation of damages. The plea is regarded as a repetition of the charge; evidence of continued malice, and a new injury to the plaintiff. Fero v. Roscoe, 4 Comst. 162; Wilson v. Nations, 5 Yerger, 211; Jackson v. Stetson and wife, 15 Mass. 48; Farley v. Ranch, 3 Watts & Sergeant, 556. And this charge of the court below, as above stated, is but quotations of the language of Judge Wright, in the case of Dewit v. Greenfield, 5 Ohio Rep. 225, and in the case of Sexton v. Todd, Wright’s Rep. 320. But in the case of Rewit v. Greenfield, this question was not before the court, and the proposition was stated merely arguendo; and in Sexton v. Todd, the truth of the words was not pleaded in justification.
In Indiana and Illinois, a different doctrine has uniformly been held. In Bryket v. Monahan, 7 Blackf.83, it was held that if “ in slander for charging the plaintiff with perjury, the defendant justifies on the ground that the words were true, it did not necessarily follow that the justification, if not fully proved, would aggravate the damages. The court say, in the case before them, the plea may not have been entirely proved, and yet, if the evidence introduced under it showed that the defendant had reason to believe that the charge was true, the *286 damages could not be increased in consequence of the plea. The same doctrine was re-affirmed in Shank v. Case, 1 Carter, 110 ; in Shoulter v. Miller, Ib. 544; and in Swails v. Butcher, 2 Carter, 84. The same question came before the supreme court of Illinois, in Sloan v. Petrie, 15 Illinois Rep. 425. The principle established in that case was “ that a plea of justification in slander, if interposed in good faith, in the honest belief that it will be sustained, should not, as a matter of course, aggravate the damages, and whether such plea was interposed upon proper motives is for the jury to consider.” In Morehead v. Jones, 2 B. Monroe, 210, similar views are expressed by the court.
The rule as stated in the case of Sloan v. Petrie, seems to be-recognized as the true rule by this court, in the late case of White v. Thomas, 12 Ohio St. Rep. 312. That was an action for breach of promise to marry. Under an answer denying the promise, and t'o mitigate the damages, the defendant gave evidence tending to prove that the plaintiff had been delivered of a bastard child. It was held to be error to charge the jury, that his attempt to prove such matters, if he fail altogether in the proof, may be considered by them in aggravation of the damages, without adding by way of qualification, “ unless the same was made in good faith,” or “ unless the defendant, at the time believed, and had reason to believe, the charge to be. true,” or words of equivalent import. There is, however, a difference between that case and the present. In that, oral evidence impugning the character of the plaintiff was offered; in this the charge is spread upon the record. But the court say: “ there seems to be no substantial difference in principle between such cases. The difference is at most only in degree. The motive which actuates, and for which the aggravation is imposed — a malicious and wanton desire to injure another — is the same in both cases.”
In this conflict of authority, we feel at liberty to look for that rule which seems to us to be founded on the best reason, and is best calculated to promote the ends of justice. The law gives to the defendant the right in his answer “ to allege the truth of the matter charged as defamatory.” If he exer* *287 cise this right in good faith, how is he censurable ? He may be innocently mistaken in the proof. From the absence, the ignorance, misrecollection or corruption of the witnesses, the proof may turn out differently from what he had good reason to expect. In such case, it is not perceived how he can justly be subjected to the payment of exemplary damages — a punishment which should only attach to a wrongful intention. For whatever injury the plaintiff sustains, he is entitled to full compensation, but beyond that in the case supposed, justice has no demands. When, therefore, in an action for slander, the truth of the words spoken is pleaded in justification, in good feith, under an honest belief in their truth, and with reasonable ground for such belief, the plaintiff is not, by reason of such plea, or the failure of proof to sustain it, entitled to exemplary damages; nor should it be regarded as an aggravation beyond the real injury sustained by the plaintiff. The motives with which the justification was pleaded, is for the consideration of the jury. If they find that it was done with intention to injure the plaintiff, they may rightfully consider it an aggravation of damages ; but where no wrongful intention is found, there is no just ground for the punishment of the defendant.
The judgment of the court of common pleas is reversed, and the cause remanded.
Peck, O.J., and Brinkerhoee, Scott and Ranney, JJ., concurred.