## Huidekoper *versus* City of Meadville.

1. The Act of the 6th of April 1870 confers upon the city of Meadville the power of paving its streets and collecting the cost from the owners of adjoining property by filing claims for paving as liens according to the mode of proceeding under the Mechanics' Lien Law of 1836. *Held* that this power is well executed by a general ordinance regulating the paving of streets, followed by a special ordinance authorizing a particular street to be paved.

2. The act is not in violation of sect. 1, art. 9, of the new Constitution, providing for uniformity of taxation, as the paving is a purpose that is purely local, and although general benefit may result therefrom this will not alter its local character.

November 21st 1876.   Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1875, No. 182.

This was a scire facias sur municipal claim, filed by the city of Meadville against Frederick Huidekoper, for macadamizing the roadway and paving the gutters in front of two lots of defendant, which abutted upon the street upon which the work was done. The work was done by the city commissioner, in pursuance of a resolution of the city council, passed in conformity with a general ordinance, which ordinance was framed to accord with the Act of the 6th of April 1870, Pamph. L. 967, entitled " A supplement to an Act incorporating the city of Meadville," and which provides as follows :—

" The city council is hereby vested with full power to ordain and establish such ordinances and regulations, not repugnant to the Constitution and laws of the United States and of this Commonwealth, as they shall deem expedient or necessary. * * * To survey, lay out, enact, ordain and open such streets, &c., as they may deem expedient. * * * To pave, repair or repave any public street or alley, or any part thereof, which is now or may hereafter be laid out and opened in said city. * * * To levy and collect the cost and expense of work and materials used therein from the owners of the property bounded by and abutting on said street or alley, by an equal assessment," &c.

The general ordinance passed in pursuance of this act contained these provisions :—

" That hereafter, when the city council shall deem it necessary to pave, repair or repave any public street or alley, * * * they shall pass a resolution to that effect, describing what street or alley, or part thereof, the manner, and materials to be used. * * * The costs and expenses of such work, and material used therein, shall be levied and collected from the owners of the property abutting on said street or alley, &c.   On failure of said owner or owners to pay the costs and expenses within thirty days from the completion of said work, the city council shall have power to direct the city

[Huidekoper *v.* City of Meadville.]

attorney to file a claim or claims therefor, with ten per cent. advance thereon, in the name of the city, under the provisions of the law in relation to mechanics' liens, &c."

To the scire facias upon the lien in this case, the defendant filed an affidavit of defence, wherein he averred, "that the property against which this lien is entered has already been taxed for the year 1874, uniformly with other property in the city, for city purposes, including the improvement of streets, which tax was levied and paid before the entering of this lien; therefore, the action of the plaintiff in attempting to assess the cost of the improvement of Water street, as set forth in claim filed in this case, is unequal, unjust, and contrary to the provisions of the Constitution of Pennsylvania requiring that taxation be uniform. The assessment charged by the plaintiff upon defendant's property was made to defray the expenses of macadamizing and paving a portion of Water street, and consists of an improvement of the street for the general public benefit, the necessity for which was caused by the erection of a freight depot by the railroad company, at or near the south end of Water street, and over which street freight is moved to all parts of the city. This improvement does not confer any special benefit upon the property assessed. A portion of said improvement, of about forty-eight feet in length, at the intersection of Mercer street, an existing, well-made pavement, was removed by the city, and no allowance made to the defendant therefor; that the street in question has been open and used by the public for more than seventy years previous to said macadamizing; that the other streets of the city of Meadville, so far as already paved, have all been paved at the public expense, and paid for out of moneys assessed upon and collected from the citizens of the city, including the defendant; that the improvement alleged in the plaintiff's claim as filed, was *not* done in compliance with the provisions of the Act of Assembly, as claimed by the plaintiff, in that the said plaintiff did not, prior to or at the time of making said improvement by its council, ordain and establish by proper ordinance the macadamizing and paving recited by the plaintiff; that the city council did not adopt any ordinance upon the subject; that 'the paving of gutters with cobble stone and macadamizing road with broken stone,' as charged in the plaintiff's claim, is not paving or repairing contemplated by the Act of Assembly, under which the plaintiff claims to assess the cost of work and materials upon the land abutting on such improvements, and even if the plaintiff's claim is otherwise valid, it is for this reason believed to be invalid."

The plaintiff entered a rule on defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defence; which rule, after argument, was made absolute.

The court, Lowrie, P. J., in an opinion, said:—

"The defendant's land is taxed for its proportion of the expense

[Huidekoper *v.* City of Meadville.]

of paving the street, and he resists the payment because he thinks that the work done is no especial benefit to his land, and that therefore the tax is unjustly imposed.

"He has not been singled out in any special way to bear this burden; but it falls on him by a general law of the city applicable to all owners of land therein. Streets are for public purposes; but they are also necessarily local and for local purposes, and it is manifestly impossible to define by a general law when one is so purely local as to be properly a subject of local taxation, or when so general or public as to be a subject only of general charges. And no matter how general a law for such cases may be, it must operate very unequally in its administration, because of the undefinable differences in the ground over which a road passes, and of the uses demanded of it.

"It is not then the law that is unequal, but the circumstances of place, population, business and ownership to which it is to be adapted. The manner of local taxation, only for local purposes, is a valuable principle of limitation of authority, though it may be impossible to state it by a law so definite that it can always be clearly seen when the line of limitation is transgressed.

"Townships, boroughs and cities require roads of very different qualities, and it is impossible to make the same road-laws for all without making them so general and indefinite as to be impracticable, or leaving a very annoying and oppressive discretion or arbitrariness to those who administer them.

"In this way the inevitable inequalities of contribution required by the public needs would disappear from the law, only to appear more arbitrarily in its administration. If there are to be roads at all, the advantage of them must be unequal accordingly as they furnish more or less convenient access to the property of individuals; and road officers must have a large discretion in the expenditure of the public money for the maintenance of them. The city authorities did this work in pursuance of a very plain Act of Assembly, and a general ordinance for all such cases, and of a special resolution passed for the improvement of this particular street; and they have charged defendant's ground with its proper share of the expense, and in a form not complained of. Paving the gutters with cobble stone and the cartway with broken stone (macadamizing), is a paving within the meaning of the Act of Assembly.

"But the defendant had already paid a general city tax for the same year, being in part for the general improvement of streets; and that no allowance is made for the old pavement taken away; and complains that other streets in former times had been paid by general taxation, and not by special charges. These all seem to us to be only a mode of stating how many ways the law is felt to be a grievance, rather than arguments against the authority to pass such a law."

[Huidekoper *v.* City of Meadville.]

The defendant assigned this judgment of the court for error.

*Douglass & McCoy* and *Pearson Church*, for plaintiff in error.— A municipal assessment upon property for local improvements is a tax : Washington Avenue, 19 P. F. Smith 352. Section 1st, article 9th of the new Constitution declares that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Two methods of obtaining this uniformity in taxation for the maintenance of streets are common. In large, and for the most part compactly built cities, all streets are made and maintained at the expense of the adjacent property ; in others they are made and maintained from a common fund, the proceeds of a general tax. In Meadville all the streets have heretofore been, and a large majority if not all must, hereafter, under the provisions of the present charter, be made and maintained out of a common fund (now styled city levy), to which the property now specially assessed has heretofore contributed and must hereafter contribute its full proportion.

An act shifting the expense of making improvements from the city to individuals, is not legislation, but a decree : Sharpless *v.* The City of Philadelphia, 9 Harris 168.

The alleged improvement was made for the general public benefit, and does not confer any special benefit upon the property assessed. Being for the public, it should be made at the public expense. Not being a local improvement, it should not be locally assessed : Tidewater Company *v.* Coster, 3 C. E. Green 518 ; Hammett *v.* City of Philadelphia, 15 P. F. Smith 146 ; Washington Avenue, *supra*; Weber *v.* Reinhard, 23 P. F. Smith 370.

*Charles M. Boush* and *Thomas Roddy*, for defendants in error.— The expense of making local improvements, such as grading and paving, or otherwise improving streets and sidewalks, is very generally met, in whole or in part, by local assessments, authorized to be made upon persons or property benefited or supposed to be benefited. Whether the expense of making such improvements shall be paid out of the general treasury, or be assessed upon the property benefited, or legislatively declared to be benefited, and if in the latter mode, whether the assessment shall be upon all property found to be benefited, or alone upon the abuttors according to frontage or according to the area of their lots, is, in all cases, a question of legislative expediency, unless there be some special restraining constitutional provision upon the subject : Dillon on Municipal Corporations, 2 ed., vol. 2, § 596.

Local impositions for grading, paving, sewerage and the like, have been many times sustained by this court, and are, generally, perfectly fair, for they enter into and enhance the value of the

[Huidekoper *v.* City of Meadville.]

property assessed : City of Philadelphia *v.* Tryon, 11 Casey 404 ; Hammett *v.* Philadelphia, 15 P. F. Smith 155.

The judgment of the Supreme Court was entered November 24th 1876,

Per Curiam.—The Act of Assembly of 1870 confers the power upon the city of filing claims for paving as liens, according to the mode of proceeding under the Mechanics' Lien Law of 1836. This power is well executed by a general ordinance regulating the paving of streets, and by a special ordinance authorizing a particular street to be paved. No question under the Constitution arises as to uniformity of taxation. The purpose is purely municipal and local. General benefit may result, but does not alter its local character.

Judgment affirmed.