CITY OF CHESTER v. HENRY B. BLACK.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF DELAWARE COUNTY.

Argued February 12, 1890—Decided February 24, 1890.

1. The act of May 23, 1889, P. L. 272, authorizing assessments and reassessments for the cost of local improvements already made under the act of May 24, 1887, P. L. 204, declared unconstitutional in Ayars' App., 122 Pa. 266, is not in violation of § 1, article IX. of the constitution, providing that all taxes shall be uniform, etc.

2. Where the legislature has antecedent power to authorize a tax, it can cure, by a retroactive enactment, an irregularity or want of authority in levying it, though thereby a right of action which had vested in an individual should be divested: Grim v. School D., 57 Pa. 433; Erie City v. Reed, 113 Pa. 468; Huidekoper v. Meadville City, 83 Pa. 156.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 105 January Term 1890, Sup. Ct.; court below, number and term not given.

A case stated was filed in the court below, wherein the city of Chester was plaintiff, and Henry B. Black, defendant, in which it was agreed:

In the year 1888 the roadway of Madison street in the city of Chester was paved by the said city with Belgian blocks in front of the lands of the defendant abutting on said street. Said paving was done in pursuance of an ordinance of the councils of said city properly enacted upon the petition of a majority in number of the owners of lands fronting on the street paved, and after all legal requirements preliminary to said paving had been fully complied with by the said city and its officers and councils. This paving was done under the provisions of the act of May 24, 1887, P. L. 204, entitled "An Act dividing cities of this state into seven classes," etc., which said act of assembly has since been declared by the Supreme Court of Pennsylvania unconstitutional and void.

On July 31, 1889, viewers appointed by the councils of the said city, under and in pursuance of the act of May 23, 1889, P. L. 272, entitled "An Act authorizing assessments and re-assessments for the cost of local improvements already made or in process of completion and providing for and regulating the collection of the same," assessed the cost of paving the roadway of said Madison street upon the property fronting on the said street, by equal assessments in proportion to the number of feet the same fronts on the said street. The defendant's assessment is $43.55. The provisions and requirements of the said act of May 23, 1889, have been fully complied with in all respects by the said city of Chester, its officers and councils, and by the said viewers.

If the court shall be of the opinion that the plaintiff is entitled under and by virtue of the said act of May 23, 1889, to recover the amount of the said assessment from the defendant, then judgment for the plaintiff for the sum of $43.55; otherwise, judgment for the defendant. The costs to follow the judgment, and either party to have the right to sue out a writ of error.

The court, CLAYTON, P. J., without opinion filed, ordered judgment for the plaintiff for $43.55, which was duly entered; whereupon the defendant took this appeal assigning for error

Opinion of the Court.

the order of the court directing judgment for the plaintiff, on the case stated.

*Mr. J. B. Hannum* (with him *Mr. J. B. Hinkson*), for the appellant.

Counsel cited: Ayars' App., 122 Pa. 266; Shoemaker v. Harrisburg, 122 Pa. 285; Berghaus v. Harrisburg, 120 Pa. 290; Hepburn v. Curts, 7 W. 300; Schenley v. Commonwealth, 36 Pa. 29; Commonwealth v. Marshall, 69 Pa. 328; Reading City v. Savage, 120 Pa. 203; Weeks v. Milwaukee, 10 Wis. 256; Kitty Roup's Case, 81* Pa. 216; Chicago v. Larned, 34 Ill. 203; Prot. Orphan Asylum's App., 111 Pa. 135; Grim v. Weissenberg Sch. D., 57 Pa. 433; Erie City v. Reed, 113 Pa. 468; Sharpless v. Philadelphia, 21 Pa. 173; Hammett v. Philadelphia, 65 Pa. 146; Washington Ave., 69 Pa. 352; Hays v. Brooklyn, 71 N. Y. 495.

*Mr. Orlando Harvey* and *Mr. O. B. Dickinson*, for the appellee, were not heard.

The brief filed cited: Dillon on Mun. Corp., 3d ed., § 814; Grim v. School D., 57 Pa. 433; Commonwealth v. Marshall, 69 Pa. 328; Schenley v. Commonwealth, 36 Pa. 57; Magee v. Commonwealth, 46 Pa. 358; Kelly v. Pittsburgh, 85 Pa. 170; Hewitt's App., 88 Pa. 55; Erie City v. Reed, 113 Pa. 468; Seely v. Pittsburgh, 82 Pa. 360; Huidekoper v. Meadville City, 83 Pa. 156; Prot. Orphan Asylum's App., 111 Pa. 135.

PER CURIAM:

The paving in question was done under authority of the act of May 24, 1887, P. L. 204, entitled "An Act dividing cities of this state into seven classes," etc. This act was declared unconstitutional in Ayars' Appeal, 122 Pa. 266. The act of May 23, 1889, P. L. 272, authorizing assessments and re-assessments for the cost of local improvements already made or in process of completion, and providing for and regulating the collection of the same, was passed to meet this difficulty. Subsequent to its passage, viewers were appointed by the councils of the city of Chester, in accordance with the terms of said act, who proceeded to re-assess the cost of these improvements upon the property fronting upon the said street, by what is commonly

known as the foot-front rule. We need not discuss the rule itself, as there is nothing in the case stated to indicate that it was not applicable to this street, and to the property assessed. The only question remaining is the power of the legislature to authorize this re-assessment. Upon this point we are not in any doubt. Judge DILLON, in referring to it in § 814 of the third edition of his excellent work on Municipal Corporations, says: " The original assessment for a local improvement proving insufficient, the legislature may constitutionally authorize a reassessment, and make it operate upon the property benefited;" and cites a number of cases which sustain his text, among which are the following: Mills v. Charleton, 29 Wis. 400; Butler v. Toledo, 5 Ohio 225; Dean v. Borchsenius, 30 Wis. 236. State v. Newark, 34 N. J. L. 236; People v. Brooklyn, 71 N. Y; 495.

It cannot be denied successfully that the legislature had the power to authorize this assessment originally, and that nothing but the unconstitutionality of the act of 1887 rendered the proceeding abortive. The principle has been repeatedly recognized in this state that, where the legislature has antecedent power to authorize a tax, it can cure, by a retroactive law, an irregularity or want of authority in levying it, though thereby a right of action which had been vested in an individual should be divested: Grim v. School Dist., 57 Pa. 433. In the same line are Commonwealth v. Marshall, 69 Pa. 328; Schenley v. Commonwealth, 36 Pa. 57; Magee v. Commonwealth, 46 Pa. 358; Kelly v. Pittsburgh, 85 Pa. 170; Hewitt's App., 88 Pa. 55; Erie City v. Reed, 113 Pa. 468. The constitutionality of this kind of legislation is not open to objection. Of the numerous cases upon this subject, it is sufficient to refer to Huidekoper v. City of Meadville, 83 Pa. 156, where it was held that the act of 1870, which confers upon the city of Meadville the power of paving its streets, and collecting the cost from the owners of adjoining property by filing liens for paving, is not in violation of section 1, article IX. of the constitution, providing for a uniformity of taxation.

Judgment affirmed.