## Philadelphia to use *v.* Pennsylvania Salt Mfg. Co., Appellant.

*Municipalities — Paving — Assessment on owners — Benefits—General improvements—Special benefits—Unlawful discrimination Character and time of paving—Discretion of municipality—Affidavit of defense.*

1. In a proceeding against a manufacturing corporation to assess benefits for paving a street, where it appears that the ordinance authorizing the paving involved part of a general and comprehensive plan to promote the interests of the municipality as a seaport and commercial centre, and it is conceded that the locality of the street had been to a great extent developed as a manufacturing and commercial centre and that most of the improvements contemplated had been completed, an affidavit of defense is insufficient, if it contains no denial that defendant had received whatever benefit might accrue from the widening and paving of the street, thus making access to its property by railroad and street more convenient.

2. The advantage of more convenient access to a particular lot of land and having a front upon a more desirable avenue, are direct benefits to the property and give it an increased value in itself as distinguished from the benefit derived by the community or other property situated on the general line of improvements.

3. The fact that the city paid for the paving of the street in front of other property abutting on the line of improvement does not in itself amount to an unlawful discrimination.

4. If the assessment against defendant was proper, it is no defense that an assessment was not made against another abutting owner.

5. The right to assess by the front-foot rule is a statutory one and is not dependent upon absolute uniformity throughout the city, where conditions may require different plans of improvement.

6. In proceedings to assess cost of paving, the owner cannot assert that an addition to the width of the street in front of his property increased the cost of paving, and made it larger than the other abutting owners.

7. Such objection should have been raised when the street was laid out and damages assessed.

8. The fact that the character of paving was changed so as to increase the cost, is within the discretion of the city, without consulting the owners.

9. Delay in laying the pavement, whereby the expense was increased, is not a defect, inasmuch as the time of doing the work is solely within the legitimate discretion of the city.

Argued February 8, 1926. Appeals, Nos. 145-8, Jan. T., 1926, by plaintiff, from orders of C. P. No. 3, Phila. Co., Dec. T., 1924, Nos. 5206-9, making absolute, rules for judgments for want of sufficient affidavits of defense, in cases of Philadelphia to use of John B. Acchione et al., trading as Acchione & Canuso Paving Co. v. Pennsylvania Salt Mfg. Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Scire facias on municipal liens.

Rules for judgments for want of sufficient affidavits of defense. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Rules absolute. Defendant appealed.

*Errors assigned* were orders, quoting records.

*Wm. Findlay Brown,* for appellant.—The improvement was not needed by the neighborhood or by defendant's property, which receives no benefit thereby, but was a part of a great scheme of public improvement for the benefit of the whole city in the development of its port and commerce: Phila. v. Rice & Sons Co., 274 Pa. 256; Hammett v. Phila., 65 Pa. 146; Craig v. Phila.,

89 Pa. 265; Alcorn v. Phila., 112 Pa. 494; Michener v. Phila., 118 Pa. 535.

The assessment of defendant's property for this improvement imposes an arbitrary, unequal, disproportionate and discriminatory charge resulting in denial to defendant of the equal protection of the law and the taking of its property without due process of law: Hammett v. Phila., 65 Pa. 146; Washington Avenue, 69 Pa. 352; Morewood Avenue, 159 Pa. 20; Sharpsville Boro. v. Randall, 268 Pa. 585; McKeesport v. Soles, 165 Pa. 628; Dunmore Boro. v. Conrad, 76 Pa. Superior Ct. 473; Franklin v. Hancock, 18 Pa. Superior Ct. 398; Scranton v. Koehler, 200 Pa. 126; Chester City v. Lane, 24 Pa. Superior Ct. 359; Steelton Boro. v. Booser, 162 Pa. 630; Phila. v. Ramsey, 72 Pa. Superior Ct. 185; Hancock v. Muscogee, 250 U. S. 454; Kansas City So. R. R. v. Road Imp. Co., 256 U. S. 658; Rodgers v. Phila., 181 Pa. 243; Reid Creamery & Dairy Supply Co. v. Phila., 274 Pa. 251.

*Horace M. Barba,* with him *Glenn C. Mead,* Assistant City Solicitor, *Joseph P. Gaffney,* City Solicitor, and *Andrew R. McCown,* for appellees.—The first question, alleging that the improvement was not local but general and that appellant's property received no special benefit, is completely answered by the following cases: Phila. v. T. B. Rice & Sons Co., 274 Pa. 256; Phila. v. Crew-Levick Co., 278 Pa. 218; Michener v. Phila., 118 Pa. 535.

The second question claims that the assessments in these cases are arbitrary and discriminatory for four reasons which are answered by this court in the following cases:

(a) Payment by the municipality for improvements in front of property of other abutters: Huidekoper v. Meadville, 83 Pa. 156.

(b) Increase of width of street through appellant's property: Phila. v. Crew-Levick Co., 278 Pa. 218.

(c) Increased cost of paving in front of appellant's property by reason of changes in specifications: Phila. v. Jewell, 135 Pa. 329; Phila. v. Evans, 139 Pa. 483.

(d) Increase of cost of paving in front of appellant's property by reason of delay of City of Philadelphia in authorizing the work: Phila. v. Jewell, 135 Pa. 329; Phila. v. Evans, 139 Pa. 483.

OPINION BY MR. JUSTICE FRAZER, March 15, 1926:

Defendant owns property lying along the Delaware River, between Porter Street and Oregon Avenue, in the southeastern section of the City of Philadelphia, containing approximately sixty-six acres of which thirty-seven acres are fully improved by the erection thereon of a large manufacturing plant consisting of buildings, machinery, railroad tracks, storage yards, etc. By ordinance dated February 14, 1914, the City of Philadelphia undertook a general and comprehensive plan of municipal improvement designed to promote the interests of the municipality as a seaport and commercial centre. The improvements contemplated vacation of several streets, opening, widening and paving of others, the relocation and removal of existing railroad tracks on various streets, and elimination of grade crossings, the object being to provide easy access to docks and piers on the Delaware River front in that locality from all parts of the city, and by these changes greatly improve its shipping facilities.

As part of the improvement, the city opened Delaware Avenue at a width of 150 feet from Christian Street to Bigler Street, thence following former Commercial Avenue, a width of 200 feet, as far south as Porter Street, the northern line of defendant's property, and from that point southward through defendant's property, Delaware Avenue, formerly Commercial Avenue, was widened to 250 feet. In 1923 the city adopted an ordinance for the paving and curbing of Commercial Avenue now Delaware Avenue through defendant's

property and, pursuant to its provisions, the city entered into a contract with the use-plaintiffs in this case for the performance of the work. The cost of the improvement was assessed against abutting owners on a front-foot basis and liens entered against defendant's property for its proportionate share of the cost. Defendant's affidavit of defense to the scire facias issued in each case was the same and denied the right of the city to recover, setting up, first, the improvement was not a local one assessable against abutting properties, but part of a scheme for the general public improvement and benefit of the city as a whole, and accordingly its cost should be paid out of public funds; second, the assessment against defendant's property was arbitrary and discriminatory, resulting in denial to defendant of equal protection of the law and consequently in violation of the state and federal Constitutions for the reasons: (a) the city paid out of its general funds the cost of improvement in part of the same street in front of similar properties; (b) the street had been arbitrarily widened an additional 50 feet through defendant's property, thereby imposing on defendant an additional cost of paving; (c) the character of the paving was arbitrarily changed in front of defendant's property, making the cost nearly double that charged for paving in front of other properties; (d) the city delayed over ten years in making the improvement, during which time the cost of the work had very materially increased. A rule for judgment for want of sufficient affidavit of defense was made absolute by the court below and defendant appealed.

The affidavit of defense avers that "under said general plan of improvement Delaware Avenue would thus form one continuous avenue or boulevard giving access from the central section of said city to the wharves and docks erected and intended to be erected by the city under the scheme of improvement for the development of the commerce and port of Philadelphia for the benefit

of the entire community and to provide a belt line for general use by the railroads for their own purposes and for the general benefit of the commerce of said city and not for the special benefit of the properties abutting on said avenue." The affidavit also averred the property of defendant "is situated in the southeastern section of the City of Philadelphia, on the Delaware River, near Greenwich Point where for many years have been located large manufacturing plants and industrial concerns requiring extensive areas of ground for the conduct of their business," and that by reason of the natural use of the property for industrial purposes it is not built up in city blocks as property generally is and used for residential purposes. There is no averment, however, that the property is rural in its nature, or that the operation of the plants do not require the conveniences and facilities of city life. And further defendant expressly avers that "the scheme of general public improvement as aforesaid has been largely completed," stating in addition that Delaware Avenue in front of defendant's property has been opened and widened to a distance of 250 feet in the middle of which are located four railroad tracks and two more to be subsequently laid, making a total of 60 feet in width used exclusively for railroad purposes, and that the bed of the street in front of defendant's property has been paved with granite blocks upon a granite base, all of which is part of the general scheme of public improvement, as provided in the original ordinance and agreement.

The argument of defendant is based on the theory that "it had a right to show by evidence that the paving of Delaware Avenue or Commercial Avenue was part of a general scheme of public improvement, and that defendant was entitled to offer evidence to rebut the presumption that the improvement was a local one, and that its property was especially benefited." In view of the admissions in the affidavit of defense as to the nature and extent of the entire improvement, and the uses to

which properties in the immediate vicinity are put, the only effect of such evidence, if received, would be to support the argument that there can be no legal averment of local benefits merely because the changes here in question were made as part of a general scheme or plan of municipal improvement.

The argument made by defendant is fully answered by what was said by this court in Philadelphia v. Rice & Sons, 274 Pa. 256, 264, as follows: "In every live city, comprehensive forward planning does not and should not result in penalizing these municipalities by depriving them of the right (admittedly enjoyed by less progressive cities) of assessing the cost thereof against the properties specially benefited. In the present instance (as the effect will always be if the planning is wise) this resulting stimulus was not felt by Delaware Avenue alone, but by all the neighborhood affected by this part of the improvement, and, by the removal of the grade crossings elsewhere, not only the streets named in the contract, but the near-by property in every direction therefrom, probably extending for miles to the southward of the elevated railroad tracks. All this, however, is beside the questions here, which are: Had the City of Philadelphia a reasonable right to believe, and hence to act on the belief, that Delaware Avenue, in the neighborhood of defendant's property, was ripe for the paving at the time it was done, irrespective of the question as to what was the cause of its reaching that condition, and was defendant's property specially benefited by the paving? If these questions are answered in favor of the city, as they must be because of defendant's failure to prove otherwise, that is the end of the controversy."

Here the question whether the property was ripe for improvement is not an open one, it being conceded as above pointed out to be to a great extent developed as a manufacturing and commercial center and that most of the improvements contemplated by the city have already been completed as a step towards the general de-

velopment of the port of Philadelphia. We find no denial that defendant has received whatever benefit would accrue from the widening and paving of the avenue, thus making access to its property by railroad and street more convenient.

No logical reason exists why the mere fact that a highway changes to a part of a general scheme looking toward the development and benefit of the city as a whole, should operate to prevent special and direct benefits accruing to land abutting directly upon the improvement. The benefit derived cannot be other than direct or special to the land merely because other properties are benefited in a similar manner or, as incident to the improvement, the entire community is benefited. In a sense, the entire community is benefited by every improvement which tends to add a commercial or financial benefit to the city. The advantage of more convenient access to a particular lot of land and having a front upon a more desirable avenue are direct benefits to that property and give it an increased value in itself, as distinguished from the benefit derived by the community or other property situated on the general line of improvements. This question was discussed in a recent decision of the Supreme Court of the United States in United States v. River Rouge Improvement Company, published in advance sheets of February 1, 1926, on page 148. In that case the United States Government decided to deepen and widen Rouge River which empties in the Detroit River to afford a greater opportunity for loading and unloading large vessels. The improvement included the straightening, widening and deepening of the channel for a considerable distance and the appropriation of abutting property. The contention was that the remaining portions of the land abutting on the improvement would receive special and direct benefits by reason of the widening of the river and the more convenient access thereby obtained to their docks, while on the other hand the contention of defendant was, as here, that the improvement

as a whole was one intended for the general benefit of the port, and no special and direct benefit accrued to defendant which would warrant the assessment against it.   In the course of the opinion of the Supreme Court by Mr. Justice SANFORD, it was said (page 151): "We are of opinion that an increase in the value of the remaining portion of any parcel of land caused by its frontage on the widened river, carrying a right of immediate access to and use of the improved stream, would constitute a special and direct benefit within the meaning of the statute, as distinguished from a benefit common to all the lands in the vicinity, although the remaining portions of other riparian parcels would be similarly benefited.   This is in accordance with the rule recognized by this court and established by the weight of authority in the state courts in reference to special benefits to lands abutting upon a new or widened street......The advantages of more convenient access to the particular lot or land in question, and of having a front upon a more desirable avenue, are direct benefits to that lot, giving it increased value in itself.   It may be the same, in greater or less degree, with each and every lot of land upon the same street.   But such advantages are direct and special to each lot.   They are in no proper sense common because there are several estates, or many even, that are similarly benefited."

The fact that the city paid for the paving of the street in front of other property abutting on the line of improvement does not in this case amount to an unlawful discrimination.   If the assessment against defendant was proper it is no defense that an assessment was not made against another abutting owner.   The right to assess by the front-foot rule is a statutory one and is not dependent upon absolute uniformity throughout the city where conditions may require a different plan of pavement.   A contrary rule would prevent a municipality, which has at any time adopted the plan of paying for paving out of general funds, from making a change

to another method and assessing the cost against abutting owners as the latter, under such circumstances, could, at all times, claim they had already paid their share of the improvement in front of other properties by way of general taxation and should not now be called upon to pay for the entire improvement in front of their own property.  The objection here raised was made in Huidekoper v. City of Meadville, 83 Pa. 156, and held to constitute no defense.

With respect to the claim that the addition of 50 feet to the width of the street in front of defendant's property increased the cost of paving, and made its assessment larger than that of any other abutting owner, this argument might have been used at the time the street was laid out and the damages assessed; it has, however, no place in the present proceeding.  When the street was opened, defendant was given the benefit of the rule that the measure of damages is the difference between the market value of the property before and after the opening of the street.  In fixing this amount, the cost it would subsequently be obliged to pay for paving the street in front of its property as of the width newly established, should have been, and presumably was, taken into account as affecting the damages.  Questions regarding the width of the street and the increased cost of paving were, consequently, adjudicated in that proceeding and cannot be reconsidered here: Phila. v. Crew-Levick Co., 278 Pa. 218, 222.

The fact that the character of the paving in front of defendant's property was changed, thereby greatly increasing the cost, was under the facts of this case a matter within the discretion of the municipality.  It was the right of the city to determine the quality of pavement, the manner of doing the work, the terms of the contract, etc., without consulting abutting owners: Phila. v. Jewell, 135 Pa. 329, 339; Phila. v. Evans, 139 Pa. 483, 489.  Conditions of traffic and the uses to which a street will probably be put must, in all cases, determine the nature

of the paving, and it may be more economical in the long run to expend a greater amount of money for the original paving, in this way eliminating the need for early repairs. These are matters, however, within the discretion of the proper municipal authorities.

The fact that on account of the delay in the paving of the street there was a considerable increase in the cost by reason of the advance in price for labor, materials, etc., is not a defense. The time of doing the work was solely in the discretion of the municipal authorities and, in the absence of anything to show an improper exercise of such discretion, the property owner is without standing to complain: Phila. v. Evans, 139 Pa. 483, 492.

The judgment is affirmed.