# Allentown *v.* Heyman, Appellant.

*Road law — Paving — Municipal contract — Municipal liens — Rescission of contract—New contract at different · price—Interruption of work—Foot-front rule—Discretion—Abuse.*

1. Where a paving contract for a street is interrupted by sewer construction and by federal restrictions, the city may cancel the contract as to the part of the street unfinished, and thereafter make a new contract for the paving of the uncompleted portion.

2. In making the new contract an increase of price may be allowed where changed conditions make the increase necessary; and as to this abutting owners cannot complain.

3. The work under the new contract is a distinct improvement for which separate liens may be filed.

4. The application of the foot-front rule does not require the whole of a proposed improvement to be made under one contract.

5. The municipality cannot be held responsible in the absence of a situation showing an improper exercise of discretion on the part of councils.

Argued January 31, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 42, Jan. T., 1927, by defendant, from judgment of C. P. Lehigh Co., April T., 1925, No. 232, for plaintiff on case tried by court without jury, in suit of City of Allentown, to use of Barber Asphalt Co. v. Arthur W. Heyman. Affirmed.

Scire facias sur municipal lien for street improvements. Before Iobst, J., without a jury.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff for $3,001.58. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Oliver W. Frey,* and *C. H. Ruhl,* for appellant.—The ordinance and contract contemplating a single improvement, only one assessment could be laid for the cost thereof, and the assessment must be in accordance with the foot-front rule.

It cannot be successfully contended that conditions changed so rapidly and materially in 60 days that council was warranted in adding practically 25 per centum to the previous offer of plaintiff to complete the work: Pepper v. Phila., 114 Pa. 96; Phila. v. Hood, 211 Pa. 189.

There are cases which are somewhat analogous but none are precedents: Phila. v. Street, 41 Pa. Superior Ct. 503; Tarentum Boro. v. Moorhead, 26 Pa. Superior Ct. 273; Scranton Sewer, 213 Pa. 4.

The municipal legislation shows that the paving of Nineteenth Street throughout its entire length was considered one improvement.

*A. G. Dewalt,* of *Dewalt & Heydt,* with him *Ballard, Spahr, Andrews & Madeira,* for appellee.—The city had a right to rescind the contract.

It was within the power of the city to provide in the contract for changes, and to authorize the contractor to make them.

A verdict and judgment in favor of the contractors for the balance due upon the contract should be sustained: Wabash Avenue, 26 Pa. Superior Ct. 305; Tarentum Boro. v. Moorhead, 26 Pa. Superior Ct. 273; Allegheny City v. Blair, 74 Pa. 225; Shiloh Street, 165 Pa. 386.

OPINION BY MR. JUSTICE FRAZER, March 14, 1927:

In 1916, the council of the City of Allentown adopted an ordinance providing for the paving, among other highways, of Nineteenth Street, from Liberty Street to Roth Avenue, the cost to be assessed against abutting properties in proportion to the frontage on the street. A contract was entered into April 29, 1916, with the Barber Asphalt Paving Company for the work in question, at $1.89 a square yard, under which contract, the paving of Nineteenth Street from Roth Avenue to Congress Street, approximately one-fourth of the improvement was completed. It was then ascertained the remainder of the work could not be completed at that time by reason of the construction of a city sewer and also because of restrictions by the federal government placed on municipal improvement work due to the world war. In 1918 an assessment was made for the portion of the work then finished, against properties abutting on the completed part of the street. In 1920 the city council adopted a resolution reciting that completion of the paving of Nineteenth Street was first postponed because of interference with the work by sewer construction, and subsequently by federal restrictions, and that the city now desired to complete the paving of the street, but being advised that no new contract could be entered into on behalf of the municipality, until the old one was formally cancelled, thereupon proceeded to rescind that agreement by resolution stating that the contract "be and the same is hereby cancelled" as to the portion of

Nineteenth Street remaining unpaved, the "rights and obligations of the company as to other paving done under said contract......to remain in full force and effect." This rescission was accepted by the paving company and thereafter a resolution was duly passed by the city council, providing for a new contract with the Barber Company for the remainder of the Nineteenth Street improvement, at the cost of $4.46 a square yard. This additional cost being due mainly to the advance in the price of labor and materials necessary for use in completing the improvement. The record contains no contention that the increased price is excessive. Following completion of the paving under the second contract, assessments were made against properties abutting on the portion of the street involved, and liens filed to collect the several amounts due. In this proceeding defendant, an abutting owner, filed an affidavit of defense to the sci. fa. issued on the lien against his property, in which he alleged the assessment to be improper, because not made in accordance with the original contract, which included for improvement the entire street at the price of $1.89 per square yard; that the second contract calling for $4.46 a square yard was illegal, and further because the city did not enforce or attempt to enforce its remedies under the original agreement for failure of the contractor to perform the work.

The right of the city to contract separately for the work and treat it as done under the two contracts as separate improvements for the purpose of assessing benefits, was considered and decided in the affirmative in Allentown v. Ott, 85 Pa. Superior Ct. 210, where the paving in this appeal was under consideration; there it was held that the city had the right, under the circumstances as stated above, to cancel the original agreement, and subsequently make a second contract for the uncompleted portion of the street, and that the work done under the second contract was properly considered as a distinct improvement for which separate liens could

properly be filed. We concur in this conclusion and with the statement in the course of the opinion in the case referred to (page 218) that "the application of the foot-front rule does not require the whole of a proposed improvement to be made under one contract; and different sections of the improvement made under different contracts at different unit prices, may result in different assessments per linear foot in the different sections separately improved."

Tarentum Boro. v. Moorhead, 26 Pa. Superior Ct. 273, cited by appellant, does not conflict with the above conclusion. There an ordinance provided for the paving of two squares, and on completion of one square, an interruption of the work followed for two years, and upon resumption of the paving the work was done under a new contract at an increased price. There was however no allegation or proof that the original ordinance was repealed or that action was taken tending to indicate an intention to abandon or indefinitely postpone the paving of the second square, consequently it was there held that the delay on the work, and the fact that part was done under a separate contract, were not sufficient to make the two unconnected improvements. In the present case the city might properly have originally divided the work into sections and let the contracts separately for each subdivision, and while this was not done, if subsequently by reason of changing conditions the circumstances made necessary a division of the work after the improvements were begun, we see no reason why the city should not lawfully take such action, so long as it acts in good faith: Marshall v. Allegheny City, 59 Pa. 455; Allegheny v. Blair, 74 Pa. 225.

The city authorities were not required to consult abutting owners before making changes in the contract; they were not parties to the agreement. The cancellation of the original contract and the entering into a new one for the paving was a matter entirely within the discretion of council, which body had sole charge of the

method of doing the work and the time at which it should be done. In the case now before us a proper excuse for discontinuing work under the original contract was shown, and if, before the remainder of the improvement could be finally completed under that agreement, a considerable increase in cost arose, owing to the advance in the price of materials and labor, this was an unfortunate happening for abutting owners, but not a matter for which the municipality can be held responsible, in absence of a situation showing an improper exercise of discretion on the part of councils: Phila. v. Evans, 139 Pa. 483, 492; Phila. v. Penna. Salt Co., 286 Pa. 1, 11.

The judgment is affirmed.