Hinaman et al., Appellants, *v.* Vandergrift.

Argued September 19, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before GREEVY, J.

*Daniel F. Knittle,* with him *Greevy, Knittle, Fisher & Rice,* for appellants.

*John P. Campana,* with him *Fierro, Campana, Campana & Miele,* for appellees.

Opinion by WATKINS, J., January 16, 1962:

This is a complaint in equity by certain property owners, the plaintiffs-appellants, against the Supervisors of Old Lycoming Township and Old Lycoming Township, defendants-appellees, praying the Court of Common Pleas of Lycoming County for injunctive relief to restrain any attempt to collect assessments for the construction of pavements as provided for in an ordinance of the township adopted September 5, 1958; and to declare the ordinance invalid, illegal and unconstitutional.

The matter was tried before Judge CHARLES F. GREEVY, sitting as Chancellor and he found that the ordinance was constitutional; entered judgment for the defendant township, and placed the costs on the plaintiff property owners. Exceptions were filed to the Chancellor's findings of fact and conclusions of law and by stipulation of counsel they were heard by Judge GREEVY sitting as the court en banc. The court en banc adopted the Chancellor's conclusions as its final order. This appeal followed.

In 1955, each of the plaintiffs had in front of his property a sidewalk located on the right-of-way of the state highway. The sidewalks in front of the property of Hinaman, Fullmer and Ringler had been constructed as a part of a Works Progress Administration project with the consent of the supervisors. The property owners had paid for the material used in the construction. Plaintiff Aderhold had constructed his own sidewalk at his own expense. When the WPA sidewalks were laid, the sidewalk of Aderhold was physically moved to be in a line with the other sidewalks, so placing it within the right-of-way of the state highway. All of the sidewalks so constructed were consented to by the supervisors of the township and were considered by them to be part of the township municipal sidewalk system.

In 1955 the township entered into a written agreement, with the Commonwealth, agreeing to make a contribution of a fixed sum toward the construction by The Pennsylvania Department of Highways of certain storm sewer work and sidewalks to replace the existing sidewalks located on the highway right-of-way which had to be destroyed because of a highway widening project by the Commonwealth.

In January, 1958, county aid was paid to the township in the amount of Five Thousand Seven Hundred Fifty ($5,750) Dollars, representing twenty-five (25%) per cent of the township's obligated payment to the state.

Subsequent to the execution of the agreement with the Commonwealth, a meeting of all affected property owners was held and the plaintiffs, with the exception of Aderhold, were present. They were then advised that the township would look to them for the costs of the sidewalks.

Before the widening of the state highway involved in this case, it is clear that the sidewalks involved were in the legal right-of-way of the Commonwealth of Pennsylvania. The Commonwealth had the undisputed right to destroy these sidewalks without paying damages for the destruction and was under no duty to reconstruct the same at any point. "No person shall be entitled to recover any damages for any buildings or improvements of any kind which shall or may be placed or constructed upon or within the ultimate widths and lines of any State highway after the same shall have been established for future construction." Act of June 1, 1945, P. L. 1242, Art. II, Sec. 208. (36 PS 670-208). *Angle v. Commonwealth*, 396 Pa. 514 (1959).

The decision to reconstruct and relocate the sidewalks was that of the board of supervisors. This decision and their agreement with the Commonwealth of Pennsylvania, Department of Highways, was clearly

within the power invested in them by The Second Class Township Code, 1933, May 1, P. L. 103, Art. VII, §702, cl. xxxviii added 1947, July 10, P. L. 1481, §9, 53 PS §65738, etc. By resolution of the Board of Supervisors dated July 2, 1955, and agreement with the Department of Highways dated July 5, 1955, and amended February 27, 1956, this work was completed.

When the supervisors attempted to assess the abutting landowners for a portion of the cost of construction, it was discovered that they had erred, and their action to construct the sidewalks, etc., should have been by ordinance rather than by resolution. The ordinance to remedy this error was passed on September 5, 1958. Legislative bodies have this authority; and the action of the board of supervisors would be proper to cure an irregularity or want of authority. *City of Chester v. Black,* 132 Pa. 568 (1890). In this case, the Supreme Court said, at page 571, "The principle has been repeatedly recognized in this state that, where. the legislature has antecedent power to authorize a tax, it can cure, by a retroactive law, an irregularity or want of authority in levying it, though thereby a right of action which had been vested in an individual should be divested."

The objection to this assessment by the plaintiffs, based on the contention that this was a reconstruction of an existing facility must be sustained. The agreed statement of facts indicates that these sidewalks were originally constructed from public and private funds and located within the limits of the Commonwealth's highway right-of-way with consent of that body, the construction was consented to by the then Supervisors of the Township and upon completion, made a part of the township municipal sidewalk system.

A thorough review of the law with regard to such matters as this was set forth in the recent case of *Vendetti Appeal,* 181 Pa. Superior Ct. 214, 124 A. 2d

448 (1956), a portion of which reads, "The general principle of law is that when a work of local public utility, such as a highway, a water main or a sewer has once been constructed, either by the public or at the expense of abutting owners, the latter cannot be charged with the cost of any subsequent reconstruction or change, even if this is a further benefit. Philadelphia v. Meighan, 27 Pa. Superior Ct. 160. However, the test of the liability of an abutting property owner to pay for further repairs to an existing local public utility or for the reconstruction or replacement thereof is municipal recognition or adoption of the original construction. Philadelphia v. Eddleman, 169 Pa. 452, 32 A. 639; Leake v. City of Philadelphia, 171 Pa. 125, 32 A. 1110." It is clear that the plaintiffs' situation satisfies all the above requirements.

The ordinance, as it applies to abutting owners who had sidewalks in front of their property prior to the construction, is unconstitutional, illegal and invalid. However, the ordinance would be valid and the assessment could be made against those abutting owners who did not have sidewalks on their property prior to the new construction. The plaintiffs, herein, fall within the first category.

The decree is reversed and the court below is directed to grant the injunctive relief restraining the collection of the assessment, as prayed for in the plaintiffs' complaint. Costs to be paid by the defendants.

FLOOD, J., would affirm on the opinion of the court below.