Old Lycoming Township, Appellant, *v.* Farr.

Argued June 13, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John P. Campana,* with him *Campana & Campana,* for appellant.

*Daniel F. Knittle,* with him *Greevy & Knittle,* for appellees.

OPINION BY WATKINS, J., September 12, 1963:

This appeal grew out of an attempt by Old Lycoming Township, a second class township, the appellant herein, to collect assessments for the construction of pavements as provided for in an ordinance adopted September 5, 1958. The Court of Common Pleas of Lycoming County entered judgment on the pleadings, holding that an order entered by direction of this Court in *Hinaman v. Vandergrift,* 197 Pa. Superior Ct. 140, 177 A. 2d 174 (1962) restraining the collection of the assessment against certain property owners on the ground that the ordinance, as to them, was unconstitutional, was binding against all property owners.

The history of this case is set forth in *Hinaman v. Vandergrift,* supra, and the gist of the problem in this appeal is that the property owners were divided into two classes, those who had constructed sidewalks before the construction and those who did not. The property owners in *Hinaman v. Vandergrift,* supra, were those who had sidewalks before the construction and we held in that case that this was a reconstruction of an existing facility and that the ordinance, as it applied to these abutting owners, was unconstitutional, illegal and invalid. Hence the order granting injunctive relief restraining the collection of the assessments.

We said, however, at page 145: "The ordinance, as it applies to abutting owners who had sidewalks in front of their property prior to the construction, is unconstitutional, illegal and invalid. However, the ordinance would be valid and the assessment could be made against those abutting owners who did not have sidewalks on their property prior to the new construction."

The defendants in this case consist of those who did not have sidewalks prior to the new construction. This Court recognized in clear and unambiguous language the difference between the two categories of property owners and unequivocally set forth that the ordinance was unconstitutional, illegal and invalid only as against those property owners whose sidewalks had been a part of the municipal sidewalk system. The usual constitutional saving clause is contained in the ordinance. To hold otherwise would create the situation that the existence of a sidewalk before one property would prevent the collection of assessments for the construction of pavements along an entire street.

What we said in *Hinaman v. Vandergrift,* supra, we said again in *Mt. Lebanon Twp. v. Hobbes,* 201 Pa. Superior Ct. 30, 191 A. 2d 855 (1963).

Judgment reversed and it is directed that judgment on the pleadings be entered in favor of the plaintiff, Old Lycoming Township.