McDonald Borough *v.* Davidson et al., Appellants.

Argued April 21, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

Joseph C. Ralston, for appellants.

John C. Judson, for appellee.

Opinion by Stadtfeld, J., July 15, 1937:

On August 5, 1930, the plaintiff passed an ordinance for certain street improvements affecting property of J. A. G. Davidson and on November 16, 1930, the improvements were completed. The assessment was fixed by the Borough Engineer, certified to Council, and notice thereof given to property owners. On February 18, 1925, Davidson executed a mortgage to Herman Kaste, which mortgage was recorded. On November 27, 1933, the United States Casket Company entered a judgment for $382.75 against Davidson. On November 28, 1933, judgment was entered by Herman Kaste on the bond accompanying the mortgage and execution issued thereon. On December 28, 1933, the municipal lien was filed at No. 20 February Term, 1934 M. L. D. and on December 29, 1933, the sheriff sold the property to Herman Kaste, execution plaintiff, for costs of sale. The borough issued a scire facias to reduce the municipal lien to judgment on November 18, 1935, at which time a suggestion of the death of Herman Kaste was filed. An affidavit of defense was filed on behalf of the estate of Herman Kaste, averring the municipal claim was no lien on the property. The case came before the Court en banc on the plaintiff's motion for judgment for want of a sufficient affidavit of defense. The Court ordered judgment to be entered for the plaintiff.

The appeal is from the order entering judgment for the plaintiff.

The municipal lien of the Borough of McDonald was filed under the Act of May 16, 1923, P. L. 207, Section 3, and its status as a municipal claim was determined by Section 31, of that act as stated therein, "Section 31—The lien of a tax or municipal claim shall not be divested by any judicial sale of the property liened, where the amount due is indefinite or undetermined, or where the same is not due and payable; nor shall the lien of a tax or municipal claim be divested by any judicial sale on the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge."

The mortgage of the appellant was recorded February 18, 1925, and the improvement for which the municipal claim is made was completed on November 16, 1930 and it is admitted that notice was given in accordance with the requirements of the act and its amendments. However, through some oversight the municipal claim was not filed until December 28, 1933.

In the meantime, a personal judgment was entered against the owner of the real estate on November 27, 1933, following an execution upon a judgment entered upon a bond accompanying a mortgage upon which execution a sheriff's sale was held on December 29, 1933 and the property was purchased by the mortgagee, William Kaste, now deceased, for an amount equal only to the actual costs leaving no funds in the sheriff's hands for distribution.

The authority for the filing of the municipal lien on December 28, 1933 and more than the six months after the completion of the work rests upon the provisions of an enabling act approved June 2, 1933, P. L. 1429, Section 1 of which provides in part (p. 1431): "......
now, by this act, such improvements are made valid

and binding,......and all such benefits, and all assessments heretofore made or determined are hereby ratified, confirmed and validated......(Page 1432) The lien shall date from the completion of the improvements for which the assessment is made, whether the work was completed through one or several operations or contracts, or from the date of filing the same, and shall remain a lien until fully paid and satisfied: Provided, That a writ of scire facias is issued to revive the same during every period of five (5) years after the lien is filed as hereinafter provided: And provided further, That this act shall not validate any lien against any property which has been conveyed to a bona fide purchaser thereof subsequent to the expiration of the period prescribed by law for the filing of such liens and prior to the date of filing thereof, or give the lien thus filed priority over any bona fide lien or liens filed, entered or recorded, or which shall have otherwise attached, subsequently to the time prescribed by law for the filing of such municipal lien and prior to the time of the filing thereof."

It is admitted that J. A. C. Davidson who was the owner of the property at the time of the undertaking of the improvement, and its completion, remained the owner of the property in question at the time of the judicial sale.

1. As to the power of the Legislature to pass an enabling act such as that of June 2, 1933, P. L. 1429, thereby authorizing and validating the entry of the municipal lien of McDonald Borough against J. A. C. Davidson: This question has been ruled upon a number of times by this Court and particularly in *Towanda Borough v. Fell*, 69 Pa. Superior Ct. 468, wherein the Court in a very comprehensive opinion by the late Judge PORTER, sustained the right of the legislature to pass such an act *holding that the public has a distinct*

right to demand that a lot owner shall contribute to pay for a public work from which his property has received a benefit peculiar to it and that such an act is constitutional. See also *New Brighton Borough v. Biddell*, 14 Pa. Superior Ct. 207, which was later affirmed by the Supreme Court and reported in 201 Pa. 96, 50 A. 989; *Borough of Huntingdon v. Dorris*, 78 Pa. Superior Ct. 469.

Appellant complains of the interference with the vested rights of the mortgagee and those of innocent parties, but the appellant here is not the junior judgment creditor attempting to preserve his lien. On the contrary the appellant is the very person who has the least cause to complain in that his security was increased in value by the municipal improvement and the public has a distinct right to demand that those who benefit shall contribute to pay for such improvement when they have received a benefit peculiar to their property: *Special Assessment v. Mortgage Lien*, 32 Yale Law Journal 460.

In the case of *In Re: West Pike Street* reported in 20 D. & C. 191, which originated in the Common Pleas Court of Berks County, the Court in passing upon the constitutionality of the Act of 1933, P. L. 1429, held the same to be similar to other statutes which had been held constitutional and the proper exercise of the legislative functions, citing, inter alia, *Weister et al. v. Hade et al. School Directors*, 52 Pa. 474. See also *Brine v. Insurance Co.*, 96 U. S. 627; *Swartz v. Carlisle Boro.* 237 Pa. 473.

2. What was the effect of the sheriff's sale on the Municipal Lien? We had this question up for consideration in the case of *City of Uniontown v. McGibbons*, 115 Pa. Superior Ct. 132, 174 A. 912, wherein we reviewed the legislation on this subject, and held, following prior decisions, that a municipal claim was pre-

served from divestiture upon a judicial sale except to the extent that it might be paid out of the proceeds.

3. What effect, if any, had the intervention of a judgment between the mortgage and the municipal lien, upon the standing of the municipal lien at a judicial sale wherein there were no funds for distribution? By the terms of the enabling or validating act of 1933, P. L. 1429, the municipal lien could not have shared in any distribution out of the proceeds of a judicial sale until after the judgment creditor had been paid in full, but a judicial sale divests the judgment as a lien upon the real estate, there being no legislative enactment preserving it upon the failure of funds sufficient in the hands of the sheriff to meet it in part or in full. However, the enabling act authorizing the filing of municipal liens, specifically preserved to the municipality its lien against the real estate until paid.

In the case of *Morris v. Hainer*, 16 County Ct. Rep. 468 (43 Pitts. Leg. J. 133) originating in the Common Pleas Court of Lawrence County, WALLACE, P. J. discussed this case which involved a similar question as in the instant case. There was a judicial sale upon a mortgage, a judgment filed subsequent to the mortgage but prior to a municipal improvement for which a lien was filed, and there was a balance in the hands of the sheriff for distribution insufficient to pay the judgment in full and the municipal lien. The municipality disputed the right of the judgment creditor to the balance for distribution. The court held inter alia: (Page 470) "In case all liens filed prior to the municipal lien are paid and the proceeds of sale being applied to the liens in their order reaches and pays part of the municipal lien, the lien is discharged to the extent of the payment, otherwise it remains a lien that cannot be divested by any judicial sale except a sale or execution by proceedings on the lien itself, and that it remains a lien on

the land, and the purchaser takes it subject to said lien.

"The proceeds of sale mentioned in the case stated— are not sufficient to pay the lien of J. B. Nessle, Jr., which was entered before the work commenced on this paving and which was a prior lien to the municipal lien. They ought, therefore, to be applied to the lien of J. B. Nessle, Jr. The proceeds of sheriff's sale not being sufficient to pay part of the municipal lien, no part of said lien is thereby divested and it remains a charge upon the land."

We therefore are of the opinion that in the instant case where the title to the land remained in the one who was owner at the time of the improvement, up to and including the date of the sheriff's sale and there remained in the sheriff's hands no funds for distribution and no such funds were applied to the municipal lien, the said municipal lien remains a valid and existing lien upon the land in the hands of the mortgagee-purchaser until paid.

The lower court was correct in directing judgment to be entered in favor of plaintiff.

The assignment of error is overruled and judgment affirmed.