## Coraopolis Home Building and Loan Association v. McCabe et al.

Argued April 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

The facts are stated in the opinion of the court below, by RICHARDSON, J., as follows:

This case comes before the court on exceptions to a Sheriff's schedule of distribution.

Margaret J. McCabe and A. D. McCabe, her husband, were the owners of real estate situate in the Borough of Coraopolis. They executed a mortgage to the plaintiff association on July 11, 1928. This mortgage was recorded July 13, 1928. In 1930, the Borough filed its claim for municipal improvements. On January 19, 1934, judgment by default was entered by the Borough on a scire facias issued on the municipal claim. On January 30, 1939, an amicable scire facias on the municipal claim, executed by the McCabes, was filed and judgment was entered in favor of the Borough.

On June 5, 1940, judgment was confessed on the bond accompanying the mortgage and on July 5, 1940, the real estate was sold to the plaintiff association for the sum of $1,833.90, which amount was sufficient to cover costs of the writ, unpaid taxes and the municipal claim mentioned above.

The Sheriff prepared a schedule of distribution of the proceeds of the sale. After the payment of costs and taxes the balance was allocated to the payment of the judgment on the municipal claim, but, exceptions having been filed by the Association, this money has been paid into court.

It will be noted that the failure to revive the judgment on the municipal claim caused the Borough's lien and its priority over the mortgage lien to be lost as of January 19, 1939. For a period of eleven days, that is until January 30, 1939, when judgment was entered on the amicable scire facias, the lien of the Borough was wholly lost (Act of May 16, 1923, P. L. 207, sec. 15, as amended; 53 PS 2035, 1940 supplement.) However, on June 15, 1939, the lien was validated by an act of the Legislature (P. L. 348), which ratified the Borough's lien on the amicable scire facias as of the date of its filing, i. e., January 30, 1939. This act (53 PS 2037b2) contained the following:

"Provided, however, That the lien of any such municipal claim shall not reattach against any property transferred to any purchaser during the time the lien of the same was lost: And provided further, That where any other lien shall have attached to any such property during the period when the lien of the municipal claim was lost, such other lien shall have priority over such municipal claim."

The contention of the Borough is that the validation of its judgment on the municipal claim reinstated that judgment to its former position and gave it priority over the lien of the mortgage. The contention of the plaintiff association is that the failure of the Borough to revive the lien on January 19, 1939, gave the mortgage lien priority which was not divested by the judgment on the amicable scire facias and the validating legislation.

The answer to the question lies in the construction of the second proviso of the Act of 1939, P. L. 348. The Legislature denied priority to the municipal claim, if it had been lost, over any other lien which "shall have attached ...... during the period when the lien of the municipal claim was lost." In other validating legislation, specific provision was made by the Legislature for the saving of the priority of a mortgage or other lien, which gained priority because of the failure of a municipality to revive a tax lien or a municipal claim within the five year period (Act of May 18, 1933, P. L. 816, (53 PS 2063); Act of March 20, 1935, P. L. 5 (53 PS 2064). The Act of April 4, 1935, P. L. 24, as amended by the Act of July 12, 1935, P. L. 724 (53 PS 2065), gives priority to a mortgage which shall have been entered of record during the period when the lien of a municipal claim was lost. The Act of April 18, 1935, P. L. 28 (53 PS 2066), which validates the filing of claims and assessments for municipal improvements, provides that no lien shall be validated or given priority "over any bona fide lien or liens filed, entered or

recorded, or which shall have otherwise attached subsequently to the time prescribed by law for the filing of such municipal lien and prior to the time of the filing thereof."

We must be guided in our interpretation of the Act of 1939 by the statutory rules of construction as incorporated in the Act of May 28, 1937, P. L. 1019, Art. IV, sec. 51 (46 PS 501 et seq.). If the words of a statute are clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing the spirit of the law. The Legislature is presumed to have intended to favor the public interest as against any private interest. But we must also presume that the Legislature does not intend a result that is absurd, impossible of execution, or unreasonable. And we may also take into consideration the consequences of a particular interpretation, if the words of the statute are not explicit.

What then is the meaning of the phrase "where any other lien shall have attached," in the Act of 1939, P. L. 348? Ordinarily, as an intransitive verb "attach" means "to adhere, to be fastened or tied or connected." We may say of the mortgage lien that it attached in 1928. If we use "attach" in its narrowest meaning, then the saving clause of the Act of 1939 gives the mortgage no priority over the revised municipal lien, because under that construction the lien of the mortgage did not attach during the period when the lien of the municipal claim was lost. That is true, but the mortgage lien had, during the period of its history, what we might describe as different degrees of adhesion. Presumably, as of the date of its entry, it was a first lien. In 1930, it was subordinated to the municipal claim and it remained so until January 19, 1939, when, by reason of the failure to revive the municipal lien, the mortgage lien was restored to priority over it. As of that time, it became attached in a different and better position than before.

Our interpretation of the second provision in the Act of 1939 is that the Legislature did not intend to disturb liens which had secured preferential positions by the failure of municipalities to revive the liens of municipal claims.

A stricter construction of the proviso, to accord with the position of the Borough, would lead to an absurd and unreasonable consequence. If we assume that a judgment had been entered against the McCabes during the period from January 19 to January 30, 1939, that judgment, under the proviso, would have priority over the lien of the municipal claim. But the lien of the mortgage, which existed throughout the whole of the period involved, would have priority over the junior encumbrance at all times. If we construe the Act of 1939 to apply only to judgments which were entered or recorded during the eleven day period, then the junior encumbrance would be entitled to priority over the senior lien of the mortgage. This anomalous situation would result not from any fault of the owner of the mortgage lien, but from the failure of the municipality to file or revive its claim. Manifestly, such a result would be absurd and unreasonable, and distribution of the proceeds of the Sheriff's sale impossible. In addition, we would have grave doubts about the constitutionality of the Act by reason of its failure to indicate such effect in its title.

In our opinion, the plaintiff is entitled to so much of the proceeds of the Sheriff's sale as have been allocated for the payment of the municipal lien. The exceptions will be sustained.

Borough, municipal lien claimant, appealed.

*J. S. Royston, Jr.,* with him *W. S. Rahauser,* for appellant.

*Philip R. McLaughlin* and *Campbell, Wick, Houck & Thomas,* for appellee, were not heard.

OPINION BY KELLER, P. J., July 23, 1942.

The judgment of the court below is affirmed on the opinion of Judge RICHARDSON.

The case of *McDonald Borough v. Davidson et al.,* 128 Pa. Superior Ct. 38, 193 A. 472, relied upon by appellant's counsel in their oral argument, though not contained in their printed brief, is distinguished from the present case in that the improvement claim of the borough in that case *had never become a record lien* when the validating Act of June 2, 1933, P. L. 1429, was passed. The claim had not been filed in the prothonotary's office within six months after the completion of the work, nor had it been so filed when the Act of 1933, supra, was passed, and therefore it had never been a lien of record. That act authorized, inter alia, in such case, the filing of a municipal claim within twelve months after the approval of the act, where the improvement was then completed and no lien had theretofore been filed for the same, and provided that the lien of such claim so filed "shall date from the completion of the improvement for which the assessment is made, ...... and shall remain a lien until fully paid and satisfied." This had the effect of giving the lien of the claim when filed in the prothonotary's office the same position as to priority as it would have had if filed within six months after the completion of the work, and hence gave it priority over a mortgage of record when the improvement was made; and its lien was not disturbed by a sheriff's sale on the bond accompanying the mortgage, for an amount equal only to the costs, leaving nothing for distribution. But, if, after it had become a lien of record, with priority over liens in existence when the improvement was begun, the borough, by its inaction or neglect, had failed to keep the lien in force and effect by a scire facias issued within five

years thereafter, as provided by law, it would have lost its priority, and while a subsequent validating act would revive the lien on the property in the hands of the original owner,—but not as against a bona fide purchaser, who acquired the property after the lien was lost—it would not restore its priority as respects intervening lien creditors, nor as respects a mortgage, whose *priority of lien* had *attached* during the interim before validation; which is this case.

Judgment affirmed.